BORN *v.* BORN.

1. DIVORCE—ALIMONY.
   In a suit for divorce, no fixed rule can be laid down for determining the amount of alimony to be awarded, but each case must be determined by its own peculiar facts.

2. SAME—DOWER RIGHTS CUT OFF BY ALIMONY.
   In awarding alimony, where the husband is possessed of real estate, the fact that the wife has an inchoate right of dower which is cut off by the decree should not be overlooked.

3. SAME.
   Where, on petition of a wife to amend a decree of divorce from bed and board to an absolute divorce, an award of $2,000 permanent alimony was made, and it appeared that the parties had lived together about 16 months, that plaintiff had recovered a substantial judgment against her father-in-law for alienation of her husband's affections, that most of defendant's property had come by inheritance since the original decree, and that plaintiff in no way contributed to the accumulation of the property defendant now owns, such award is *held*, excessive and reduced to $1,500 to be paid in annual installments of $250, without interest.

4. SAME—SUPPORT OF CHILD—MODIFICATION.
   An award of $25 per month for the support of a child is affirmed subject to modification under 3 Comp. Laws 1915, § 11408, upon defendant's petition therefor in case his financial condition changes for the worse.

Appeal from Cass; Warner (Glenn M.), J. Submitted October 7, 1926. (Docket No. 28.) Decided January 3, 1927.

Bill by Lena M. Born against Walter Born for a divorce from bed and board: On petition of plaintiff

[1]Divorce, 19 C. J. § 611; [2]Id., 19 C. J. § 588 (Anno); [3]Id., 19 C. J. § 614; [4]Divorce, 19 C. J. § 817.

to amend the decree to an absolute divorce with permanent alimony.     From a decree for plaintiff, defendant appeals.     Modified and affirmed.

*Asa K. Hayden,* for plaintiff.

*Elias P. Harmon,* for defendant.

FELLOWS, J.     This appeal brings up for review an order made by the circuit court for the county of Cass, in chancery, amending a decree of divorce from bed and board so as to make the divorce absolute and awarding plaintiff permanent alimony and continuing an allowance for the support of the infant child of the parties.     The sole question raised on the appeal relates to the amount awarded.     The parties lived together a little over 16 months.     When the original decree was entered defendant had about $900 and the plaintiff a few hundred.     An allowance of $25 a month was made for the support of the child.     After the decree plaintiff recovered a judgment for $1,000 against defendant's father for the alienation of her husband's affections and the judgment was paid.     She has had employment since the decree, now has $2,200 out at interest and earns $28 a week.     Shortly after the judgment was paid, defendant's father died leaving a large farm of the value of $18,000 to his three children.     He left considerable personal property, defendant's share being a little over $3,000.     As we understand the record, in the main, this consisted of stock and tools on the farm necessary to its successful operation.     Defendant and his younger brother purchased their sister's interest in the farm at the appraised value and had conducted it but one full year at the time this matter was heard.     It appeared that their net income from the farm that year was $400. Defendant owes his sister $1,650 on the purchase price of her interest and has used $600 out of the $900 he

had when the original decree was entered to pay for the support of the child. The plaintiff was awarded $2,000 for permanent alimony which was made a lien on the real estate and the allowance for the child continued at the figure in the original decree. It is here urged that the amounts awarded are excessive.

In determining the amount of alimony no fixed rule can be laid down. Each case must be determined by its own peculiar facts. The husband's property is not to be administered as though he were deceased, but the fact should not be overlooked that, in case he is possessed of real estate, the wife has an inchoate right of dower which is cut off by the decree. The income of defendant from the farm during the one year it was operated was very small. Plaintiff's income exceeded defendant's. She appears to be thrifty. She should not be penalized for this nor should defendant for this reason be required to pay an excessive sum. Plaintiff and defendant lived together 16 months. She in no way contributed to the accumulation of the property he now owns. When he was possessed of but little property and permanent alimony would have been fixed at but a moderate sum, she chose to ask only for a divorce from bed and board and sought redress for her marital trouble from his father. She recovered a substantial sum from him and placed it out at interest. After his death she decided she wanted an absolute divorce and the attendant alimony. Taking everything into consideration we are persuaded that the alimony awarded plaintiff should be reduced to $1,500 and defendant permitted to pay it in annual installments of $250 without interest.

Defendant should contribute to the support of his child. The amount fixed is not large but we do not think it should be increased in future years. It should stand as fixed by the trial judge, at least unless de-

fendant's financial condition changes for the worse, in which event he may apply for modification to the circuit court under section 11408, 3 Comp. Laws 1915. No costs will be allowed.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.