RICE v. RICE.

1. DIVORCE—CONSIDERATIONS IN AWARDING PERMANENT ALIMONY.
  In awarding permanent alimony court should take into consideration past relations and conduct of both parties, health and age of each, whether either is responsible for support of others, amount and source of husband's property, their station in life and manner of living, and, especially in view of all the testimony in case, what sum will leave financial condition of wife during her life not inferior to what it would be if husband's conduct had been correct and marriage undissolved.

As to amount of permanent alimony on absolute divorce, see annotation in 44 L. R. A. (N. S.) 998.

2. SAME—PERMANENT ALIMONY—MODIFICATION OF AWARD.

> In granting divorce to wife for husband's misconduct, award of
> half interest in $10,000 equity in home incumbered for $10,000,
> and $25 a week for three years as permanent alimony, *held*,
> not just and reasonable, in view of fact that he is awarded
> business from which he derives yearly income of $10,000 to
> $12,000, and decree is modified to award her entire equity
> in home and $30 per week for five years. CLARK and POTTER,
> JJ., dissenting; WIEST, J., dissenting in part.

Appeal from Jackson; Simpson (John), J. Submitted October 9, 1931. (Docket No. 79, Calendar No. 35,894.) Decided December 8, 1931.

Bill by Hazel R. Rice against Edward E. Rice for divorce. From decree rendered, plaintiff appeals. Modified and affirmed.

*Kirkby & Kirkby,* for plaintiff.

*James J. Noon,* for defendant.

McDONALD, J. A decree of divorce was granted to the plaintiff on February 13, 1931. She has appealed on the ground that the amount of property and alimony awarded by the decree is insufficient. No other question is involved. The parties lived together for about 14 years. They have no children. At the time of their marriage, in June, 1914, neither of them was endowed with any considerable amount of worldly goods. The defendant was thrifty. He acquired a drug business in the city of Jackson, which, for the year 1929, produced gross receipts amounting to $65,000, and from which he derived a yearly income of $10,000 or $12,000. They owned a home by the entireties in which their equity as estimated by the defendant was about $10,000. The decree gave the plaintiff the household goods, a half

interest in the home, and an allowance of $25 per week for a period of three years.

There is no fixed rule to guide a court in the award of permanent alimony, but we have said:

"The court should take into consideration the past relations and conduct of both parties, the health and age of each, whether or not either is responsible for the support of others, the amount and source of the husband's property, their station in life and manner of living, and especially, in view of all the testimony in the case, what sum will leave the financial condition of the wife during her life not inferior to what it would be if the husband's conduct had been correct and the marriage undissolved." *Bialy* v. *Bialy,* 167 Mich. 559 (Ann. Cas. 1913 A, 800).

As to the past relations of the parties, it is undisputed that they lived happily and in harmony for many years. The break came when defendant began to associate with another woman. There was no other cause for their separation. The plaintiff's conduct has been blameless. So here we have a situation where the marriage has been dissolved solely because of the misconduct of the husband. If able, he should be compelled to pay such alimony as will—

"leave the financial condition of the wife during her life not inferior to what it would be if the husband's conduct had been correct and the marriage undissolved."

During the 14 years that they lived together, the defendant provided for the plaintiff as well as their station in life demanded. He has a valuable business, from which he derives a good income and is still able to provide for her support and mainte-

nance. His obligations under the marriage contract demand it. He is 46 years of age. She is 44. She has never failed in her wifely duties. Devotedly, she has given him the best years of her life. Her earning power is gone. By his misconduct, she has lost the financial benefits of her marriage. In view of these circumstances, Is the provision made for her by the decree of the circuit court "reasonable and just?" We think not.

She is given one-half of the proceeds from the sale of their home, which would have amounted to $5,000 if the property could have been sold for $20,000 at the time of the decree. In his brief, counsel for the defendant says that, because of the long-continued business depression, they have been unable to sell it. That it is worth $20,000 is only an estimate of the defendant, apparently based on its cost. The best evidence of value was not shown. It is well known that real estate values have greatly depreciated. This property is heavily incumbered, and, because of its depreciation and the uncertainty of a sale, the amount of plaintiff's interest under the decree is very doubtful. In view of the fact that the defendant was given the business, from which he derives a yearly income of $10,000 or $12,000, we think it would have been just and reasonable to have allowed the plaintiff the entire equity in the home. In this respect the decree is modified. The defendant will pay the taxes and any amount that may be due on the mortgage to date.

During the pending of this suit, the defendant has been paying temporary alimony of $40 per week. He is amply able to pay and should pay $30 a week for a period of five years.

With these modifications, the decree of the circuit court is affirmed. The plaintiff will have costs.

BUTZEL, C. J., and SHARPE, NORTH, and FEAD, JJ., concurred with McDONALD, J.

CLARK, J. I think the decree of the trial court is equitable, and that it should be affirmed.

POTTER, J., concurred with CLARK, J.

WIEST, J. (*concurring in part*). I think the decree in the circuit court should be modified so as to require defendant to pay plaintiff $30 per week for the period of five years, and in all other respects affirmed.

The equity in the home is worth $10,000, and the decree constitutes the parties tenants in common, permits private sale by them, and reserves right to order sale if necessary. Defendant, by bill of sale, gave plaintiff the household furniture, the value of which, however, is not disclosed. Plaintiff is also awarded an automobile.