### RILEY v. RILEY.

1. DIVORCE—SUPPORT OF CHILDREN—EXTRAORDINARY EXPENSES.

Where decree of divorce awarded custody of girl then nearly 13 years old and boy nearly 9 years old to mother and required father to pay $50 per week unless mother should remarry after which event such sum should be reduced to $40 per week, and the mother remarried some 4½ months after the decree, $40 per week is ordered paid after such remarriage as being sufficient to properly care for and support them, although the father, whose income had materially increased, is required to repay plaintiff for certain extraordinary medical expenses.

2. SAME—SUPPORT OF CHILDREN—ATTORNEY FEE.

Where, on father's petition to have amount awarded for support of children decreased and on mother's petition to have it increased, order is made to have sum paid that was originally decreed in the event of mother's remarriage, which sum was $10 a week more than father had actually paid since the

mother's remarriage, and repayment to her of extraordinary medical expenses, mother is awarded costs of her appeal and an attorney fee of $100 to her counsel in lieu of regular fee on appeals (Court Rule No. 5, § 6 [1945]).

3. SAME—DE NOVO HEARING IN SUPREME COURT.
Divorce cases are heard *de novo* by the Supreme Court since they are brought on the chancery side of the court.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted June 11, 1947. (Docket No. 58, Calendar No. 43,774.) Decided October 13, 1947.

Divorce proceedings by Maxine Elliott Riley against Wayne Leslie Riley. On petitions by both parties for modification of decree as it relates to payment of support for children. Decree modified by reducing amount to be paid. Plaintiff appeals. Modified and affirmed.

*Allaben & Wiarda,* for plaintiff.

*Lilly, Luyendyk & Snyder,* for defendant.

BUTZEL, J. Maxine Elliott Riley, plaintiff, filed a bill for divorce against Wayne Leslie Riley, defendant, who filed a cross bill against plaintiff. The court granted plaintiff a divorce on the grounds of extreme cruelty and dismissed defendant's cross bill. Plaintiff was dissatisfied with the decree and filed a petition by new counsel to have it set aside and to reopen the case, and the petition was granted by the trial court. As a result of negotiations between the respective parties a written property settlement satisfactory to both parties was reached and stipulation was entered into. The court took testimony and a decree was again rendered in favor of plaintiff. The terms of the property settlement

were followed by the judge and made a part of the decree. The testimony showed that the charges of cruelty were substantiated. Two children had been born of the marriage, a girl on December 28, 1933, and a boy on November 6, 1937. The custody of the children was awarded to plaintiff with rights to defendant to visit them at reasonable times. Defendant was required to pay towards the support of the two minor children $50 per week until the older child attained the age of 18 years, whereupon the payments were to be reduced to $25 per week and continue until the younger child reached the age of 18. Obviously the remarriage of plaintiff was considered for the decree provided that if plaintiff should remarry prior to the time the older child attained the age of 18 years, the $50 per week payment for the children should be reduced to $40. Plaintiff was awarded the household furniture and equipment together with a home of very substantial value. Defendant was also required to pay off the real estate mortgage on the home property. Defendant, on the other hand, was given the sole ownership of a large business including a vacant lot on Monroe avenue in the central part of the city of Grand Rapids on which he was erecting a building for his business. He was also required to pay plaintiff $2,080 forthwith, and also, to maintain a $3,000 life insurance policy with the children as beneficiaries during the period he was ordered to pay for their support. The date of the decree is October 1, 1946. On February 14, 1947, plaintiff remarried. Her present husband earns approximately from $50 to $60 per week.

On March 31, 1947, shortly after plaintiff's remarriage to William Kenyon, defendant filed a petition to amend the decree, and an order to show cause was issued. Notwithstanding the fact that

this petition was filed over four months after the decree was entered, the judge evidently considered the petition as one for the modification of the decree in regard to the alimony to be paid for the support of the children. The decree provided that the amount of the payment for the support of the children was to be reduced from $50 to $40 per week in the event of plaintiff's remarriage. Defendant asked that the amount be still further reduced to $30 a week. Plaintiff, on the other hand, sought to have the amount increased and showed that defendant's business had prospered and his income had doubled in the recent years; that he had a net income of $18,000 per year, and that he should be required to contribute from $75 to $100 per week for the support of his minor children.

At the first hearing on August 28, 1946, plaintiff admitted that she was on very good terms with William Kenyon but denied having any ''personal interest'' in him. Less than five months after she obtained a divorce from defendant, she married Kenyon. The trial judge concluded that her former testimony was untrue, that she had perpetrated a fraud on the court and on her former husband; and for these reasons he stated that he was prejudiced against the plaintiff. He further held that whether defendant enjoyed a larger income and could afford to contribute far more to the support of the children was immaterial inasmuch as the home would have to be maintained according to the scale of living that Mr. Kenyon could afford, and the court was adverse to having plaintiff and her present husband supported at the expense of the defendant. Irrespective of the correctness of the trial judge's reasoning, we do not believe that the $40 per week for the two minor children is more than is needed to properly care for and support them.

Plaintiff showed that since the decree of divorce had been granted, it required the larger part of the $40 per week to properly clothe the children, pay their medical and dental bills, provide for their music lessons and many other incidental items. Plaintiff further showed by her affidavit that of the $280 received by her during the period from February 14, 1947, the date of her remarriage, to April 1, 1947, she had expended $253 for the maintenance of the children, exclusive of the cost of food; that this left only the sum of $27 which she had deposited in the childrens' personal bank accounts. She also showed that she had recently paid for the extraordinary medical expenses resulting from an appendectomy required by the son. The exact amount, however, is not shown except by a statement in the relief prayed for in her brief, where it is placed at $118. It was also shown that the daughter must submit to an expensive operation to correct a serious leg malformation resulting from an injury sustained by her in an automobile accident which occurred several years ago.

We do not believe that the fact that plaintiff remarried should in any way militate against the children or that $40 a week is more than sufficient to properly care for them. The contingency of remarriage was provided for in the decree itself, which states that the amount to be paid should be reduced from $50 to $40 per week. $40 per week will just barely pay for proper food, clothing and other expenses of the children under the present conditions. We are not satisfied that defendant's large earnings would justify an increase of the amount to be paid for the children at the present time. We must assume that defendant is fond of his children, and if they require some extraordinary expenses on account of their health or education he will willingly pay it. The larger part of his increased income

must be reinvested in a growing business. He has
a large debt to pay on account of the erection of a
new building and other expenses. Defendant, how-
ever, should be obliged to continue to pay the $40
per week and pay the further sum of $10 per week
for the period in which he was only paying $30 per
week. He should further be required to repay to
plaintiff the sum of $118 for the extraordinary med-
ical expenses incurred by reason of the son's recent
appendectomy. There is no statement of the exact
amount which should be subject to verification and,
if there should be any dispute about it, the correct
amount should be determined by the trial court.

Defendant shall also pay the costs of this appeal
including an attorney fee of $100 to plaintiff's coun-
sel in lieu of the regular fee on appeals.* Should
it be found that an operation on the little girl's leg
is required, defendant shall pay medical and hos-
pital expenses, and if it becomes necessary an ap-
plication may be made to the trial court to that end.
The case is brought to us on the chancery side of
the court and we hear it *de novo.* We have come
to our conclusion after a very careful review of the
record.

A decree affirming the order of the lower court,
but as modified by the foregoing provisions, will be
entered in this Court. The case is remanded to the
lower court to hear and determine any matters that
may arise hereafter. Appellant will recover costs,
with the attorney fee fixed at $100.

Carr, C. J., and Bushnell, Sharpe, Boyles, Reid,
North, and Dethmers, JJ., concurred.

---

* See Court Rule No. 5, § 6 (1945).—Reporter.