JOHNSON v. JOHNSON.

1. DIVORCE—SUPPORT OF CHILD ENDS UPON ATTAINING MAJORITY.
    A court is without power to provide for the support of, or aid to, an adult child of parties of suit for divorce or to continue a provision for support after a child attains his majority as the authority of the court over such child then comes to an end.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 701.
[2] 17 Am Jur, Divorce and Separation § 696.
[3] 17 Am Jur, Divorce and Separation § 692 et seq.
[4] 17 Am Jur, Divorce and Separation §§ 612–624.
[7] 17 Am Jur, Divorce and Separation §§ 501, 502.
[8] 17 Am Jur, Divorce and Separation § 596 et seq.
[9–11] 17 Am Jur, Divorce and Separation § 445 et seq.

2. SAME—COLLEGE EDUCATION OF CHILD—MAJORITY.

The trial court did not abuse its discretion in ordering defendant husband to provide support for the oldest daughter of the parties beyond the age of 18, where the child's qualifications and desire to attend college, as well as the father's ability to provide her with a college education, constitute exceptional circumstances warranting such action, such support to stop upon the child's attainment of majority (CLS 1954, § 552.17a).

3. SAME—SUPPORT OF CHILDREN.

A decree of divorce should provide for support of 14- and 8-year-old children of the parties only until they are 18 as there is presently no showing possible as to their higher education plans, it being permissible to file petition therefor when circumstances may warrant such action (CLS 1954, § 552.17a).

4. SAME—ALIMONY.

A divorce court should take into consideration in awarding alimony the past relations and conduct of both parties, the health and age of each, whether or not either is responsible for the support of others, the amount and source of the husband's property, their station in life and manner of living, and what sum will leave the financial condition of the wife during her life not inferior to what it would be if the husband's conduct had been correct and the marriage undissolved.

5. SAME—ALIMONY.

Alimony rests entirely in the judgment of a divorce court and depends upon the condition and situation of the parties, the necessities and property of the wife, and the conduct and abilities of the husband.

6. SAME—ALIMONY.

Each case of divorce must be decided upon its own peculiar facts in determining the amount of the alimony award.

7. SAME—PURPOSE OF ALIMONY.

Alimony is an incident of marriage and based on the underlying principle that it is the duty of the husband to support his wife, not necessarily endow her; signifying primarily an allowance or allotment adjudged against him for her subsistence, according to his means and their condition in life during their separation, whether it be for life or for years.

8. SAME—ALIMONY.

Award of alimony of $312.31 monthly to wife for 8 years to enable her to make monthly payments on the home and for support of 3 children whose custody was awarded to her is not

disturbed on husband's appeal, where it appears he has an income of $658 monthly and his misconduct and extreme cruelty necessitated the suit for divorce.

9. SAME—DIVISION OF PROPERTY.

The division of property in a suit for divorce is not governed by any rigid rules or mathematical formula, each case depending on the particular facts involved.

10. SAME—DIVISION OF PROPERTY—EQUITY.

The division of property in a suit for divorce need not be equal but should be fair and equitable under all of the circumstances involved, the equitable factors involved including: source of property, contribution towards its acquisition, years of married life, needs of the parties, and their children, their earning power and the cause for divorce.

11. SAME—DIVISION OF PROPERTY.

Award to wife of 90% of property accumulated during 19-year marriage is not disturbed as inequitable, where she is awarded the custody of the 3 children, must maintain a home for them and the bulk of the value of the property awarded her consists of the home and contents.

Appeal from Midland; Campbell (Howard L.), J., presiding. Submitted June 12, 1956. (Docket No. 56, Calendar No. 46,856.) Decided September 4, 1956.

Bill by Marie Johnson against Ralph Johnson for divorce. Decree for plaintiff. Defendant appeals in respect to alimony, support money and property settlement. Modified and affirmed.

Joel H. Kahn, for plaintiff.

Bower & Morris (Ralph H. Bower, of counsel), for defendant.

SHARPE, J. Plaintiff, Marie Johnson, obtained a decree of divorce on May 11, 1955, from the defendant, Ralph Johnson, on the grounds of extreme and repeated cruelty, and was awarded a decree with

provisions of alimony, from which defendant appeals.

Plaintiff's bill of complaint filed July 2, 1954, alleges that on December 28, 1935, she was married to defendant; that plaintiff and defendant lived and cohabited together as husband and wife until June 25, 1954; that there were 3 children born of the marriage, namely, Elizabeth, 16 years old, Ralph, 12 years old, and Gary, 6 years old; that defendant was a man of violent temper and he addressed her and the children with vile, opprobrious, profane and obscene language; that defendant was given to temper tantrums, during which time he would rave and shout at plaintiff and the children; that defendant has continually accused plaintiff of being mentally ill; that defendant has made excessive demands upon plaintiff for marital intercourse; that defendant is of an extremely jealous nature to a degree that equals almost a mania; that defendant insisted that plaintiff be treated by only female physicians; that defendant was very severe in his discipline of their children, particularly so in forcing them to train for sports. All of these allegations were supported by plaintiff's testimony.

Defendant denied most of plaintiff's allegations in his answer, but submitted little testimony during the trial to contradict plaintiff's allegations.

In an opinion the trial court stated:

"Without enumerating all of the testimony in the case the proofs are sufficient in the court's opinion to enter a decree dissolving the marriage between these parties, and one may be entered in the case. The next matter is the division of the property and the awarding for the support and maintenance of the children. They say that the property which is the home of the parties can be sold for $25,000, and that there is a mortgage or encumbrance on it of almost $15,000, that leaves an equity balance of

$10,000, approximately. Title to the property is jointly owned. One-half of that amount is $5,000, which should belong to the plaintiff, and $5,000 should belong to the defendant. The defendant, however, has an automobile, a Cadillac model 62 of 1950 issuance. The only price that I have heard about that car is $1,395, sale price for such a car at that amount—  *  *  *

"If my computation is correct the sale of the Dow Chemical Company stock when it was sold was at the rate of $35.71 per share, there are 3 shares remaining, that would be $107.13. The defendant will be awarded the automobile at $1,395; he will be awarded the 3 shares of the Dow Chemical stock fixed at the price of $107.13. There is no proof in here as to the present value. The testimony is that she put $1,200 of her inheritance into the property such as enlarging the garage, buying utensils and other expenses, that making up a total of $2,702.-13, added to the $1,395 and $107.13, that he is chargeable with of his share of the $5,000 equity balance in the home. Now, the monthly payments on the property is $132.31. Plaintiff says that she will have to sell the home, she thinks, but she doesn't want to but if she does sell the home she will have to buy a new one, or pay rent at $85 or $90 per month. If she has to pay rent at the rate of $90 per month, that amount deducted from the $132.31 which he is paying on the present encumbrance on the property leaves $42.31 or $3.52 per month for taxes, insurance and interest, so the defendant will be required to pay as permanent alimony to plaintiff $132.31 for a period of 8 years, that will amount to $12,711.72, and will bring Gary to his 15th birthday. As alimony and support for the children, defendants says it will take $65 a month for each child, the court is going to fix the amount of (support) at $60 for each child for their support until Elizabeth finishes her college which she intends to attend, and for each of the boys until they finish high school and attend at least 4 years of college. . If they refuse

or do not care to go to college, then when they make a determination that they are not going to college, $60 per month for each child until he attains his 18th birthday. * * * I fix the amount of $132.31 for 8 years so as to equalize the $5,000 equity that the defendant has in this property, by returning to her the $1,200 of inheritance and giving him the Dow Chemical stock and the automobile equals $2,702.13, deducting $2,702.13 from $5,000 is $2,277.87 [$2,297.-87?]. His equity in the property if we had not given him these credits would be $2,288.24, so he is really getting a slight edge over his equity in the property, so it is a division as I believe to be correct and equitable for these parties because the children have to have a home, they are situated in their present property, the home, it is his duty to support them."

In his reasons and grounds for appeal, defendant urges:

"1. That the court erred in granting support for the minor children beyond the age of their majority, namely 21 years.

"2. That the court erred in granting plaintiff permanent alimony.

"3. That the court erred in making the property settlement and did not make a fair and equitable division of the same considering all the circumstances of the case."

CLS 1954, § 552.17a [Stat Ann 1955 Cum Supp § 25.97(1)] reads:

"The court shall have jurisdiction in making such order or decree relative to the minor children of such parties as authorized in this chapter to award custody of each such child to 1 of the parties or a third person until each such child has attained the age of 18 years and may require the husband to pay such allowance as may be deemed proper for the support of each such child until each such child shall have attained that age and may in its discretion in case of exceptional circumstances requiring the same,

require payment of such allowance for any such child after he attains that age."

In the decree of divorce, the trial court provided that support should continue until all the children completed a college education, if they wanted it. The statute allows support beyond 18 years "in case of exceptional circumstances requiring the same." The testimony in this case reveals that the oldest child, Elizabeth, plans to go to college. She will be 18 years old before she enters college. The other children are now 14 and 8 years old.

In *Barry* v. *Barry*, 291 Mich 666, this Court held that the modification of a divorce decree so as to require the husband to pay for maintenance of a son who was attending high school, though the son had attained the age of 17, was not an abuse of discretion.

In *Rybinski* v. *Rybinski*, 333 Mich 592, this Court held that under the statute providing for care, custody and maintenance of a minor child, as well as under principles of common law, the trial court could not order support for the child of parties to a divorce action after the child had reached her majority. The above case was an action to recover accrued alimony allegedly due under a divorce decree.

In *Mapes* v. *Mapes*, 336 Mich 137, the son of divorced parents was 17 years of age, an honor student in the 11th grade in high school, and he planned to enter college after high school. This Court held that exceptional circumstances existed within the statute to require the husband to make payments for the maintenance of the child after age 17. The Court stated at page 139:

"The effect of our holding in *Titus* v. *Titus*, 311 Mich 434, was that a showing that a 20-year-old daughter had finished high school and desired to

receive a college education, and that her mother approved thereof, constituted a sufficient showing of 'exceptional circumstances,' under the statute to warrant an order of the court requiring the husband to make payments for the maintenance of the daughter after age 17, to finance her education. The facts in the instant case, as disclosed by the allegations of the petition admitted by the answer, fall well within the meaning of the decision in *Titus*."

In *Titus* v. *Titus*, 311 Mich 434, 437, referred to in the *Mapes Case, supra,* this Court said:

"If she   *   *   *   shall fail or cease to attend or shall fail to make a satisfactory showing of scholastic progress, the allowance must thereupon cease, *and shall cease in any case upon her arrival at majority.*" (Emphasis supplied.)

In 162 ALR 1085 it is said:

"Largely in reliance upon the commonly expressed rule that when a child of the parties to a divorce or separation action attains his majority, authority of the court over such child comes to an end, it has been held or recognized, except in a few scattered cases, that a court in a divorce or separation suit is without power to provide for the support of, or aid to, an adult child of the parties, or to continue a provision for support after a child attains his majority." (Citing cases, including *Chaffee* v. *Chaffee*, 15 Mich 184.)

In 17 Am Jur, Divorce and Separation, § 696, p 531, it is said:

"While allowances in a decree against a parent for the education of a child are generally combined with the child's support—that is, the allowance is usually for support and education—it is clearly within the power of a court of chancery awarding the custody of a child to the mother to make a proper order touching the education of the child such as

the circumstances of the parties and the nature of the case shall render reasonable and just. The view has been taken that the father may be required to provide his *minor* child with a college education if the child has evinced an aptitude therefor." (Emphasis supplied.)

Under the above statute and authority the trial court did not abuse its discretion in awarding support for the oldest child, Elizabeth, beyond the age of 18. In our opinion the child's qualifications and desire to attend college, as well as the father's ability to provide her with a college education, comes within the purview of "exceptional circumstances." The trial court went beyond its authority in awarding support "until that child * * * complete(s) a college education," as Elizabeth will be nearly 22 before she finishes an average 4-year college course. The trial court only has authority to grant support until arrival at majority—majority being 21 years old. In respect to the 2 younger children, now 14 and 8 years of age, the trial court had no authority to provide for their support beyond the age of 18. The statute allows support beyond the age of 18 upon a proper showing of circumstances, but no such showing could be made at this time as their higher education plans cannot be determined now. The decree should provide for their support only until they reach the age of 18. If the circumstances then warrant it, a petition can be filed with the trial court for review of the matter.

Was the plaintiff entitled to permanent alimony under the facts presented by this case?

Plaintiff was awarded $132.31 per month for the next 8 years as permanent alimony, plus another $180 per month for support of the 3 children in her custody. Plaintiff is employed, earning $182 per month. The $132.31 (permanent alimony) is the amount necessary to pay the monthly payments on

the home in which plaintiff and the children live. Therefore, plaintiff urges that this should not be considered as income. Plaintiff also urges that the $180 should not be considered as income as it takes more·than that amount to raise the children. Added to the $312.31 that defendant is required to pay monthly to plaintiff, plaintiff has an income of $182 from employment, making her a total income of $494.31. Defendant has an approximate income of $658 a month from his employment at Dow Chemical Company in Midland. After payment of $312.31 monthly to plaintiff for alimony and child support, defendant will have approximately $345.69 for his own use. Defendant contends that plaintiff was not entitled to permanent alimony.

In *Rice* v. *Rice,* 256 Mich 287, 289, this Court said:

" 'The court should take into consideration the past relations and conduct of both parties, the health and age of each, whether or not either is responsible for the support of others, the amount and source of the husband's property, their station in life and manner of living, and especially, in view of all the testimony in the case, what sum will leave the financial condition of the wife during her life not inferior to what it would be if the husband's conduct had been correct and the marriage undissolved.' (*Bialy* v. *Bialy,* 167 Mich 559 [Ann Cas 1913A, 800].)"

In *Lukshaitis* v. *Lukshaitis,* 314 Mich 426, 430, we quoted with approval from *Schmoltz* v. *Schmoltz,* 116 Mich 692, 695, as follows:

" 'Alimony rests entirely in the judgment of a court of equity, and depends upon the condition and situation of the parties,—the necessities and property of the wife, and the conduct and abilities of the husband.' "

The statute (CLS 1954, § 552.23 [Stat Ann 1955 Cum Supp § 25.103]) provides that upon every divorce from matrimony for any cause except that of adultery committed by the wife, and also upon every divorce from bed and board for any cause, if the estate and effects awarded to the wife shall be insufficient for the suitable support and maintenance of herself and such children of the marriage as shall be committed to her care and custody, the court may further decree to her such part of the personal estate of the husband and such alimony out of his estate to be paid to her in gross or otherwise as it shall deem just and reasonable, having regard to the ability of the husband and the character and situation of the parties, and all the other circumstances of the case.

This Court has held that in determining the amount of alimony award, each case must be determined upon its own peculiar facts. *Born* v. *Born,* 237 Mich 323.

In *Bialy* v. *Bialy,* 167 Mich 559, 565, 566 (Ann Cas 1913A, 800), this Court said:

"Alimony   *   *   *   is an incident of marriage, and based on the underlying principle that it is the duty of the husband to support his wife, not necessarily to endow her. Primarily it signifies, not a certain portion of his estate, but an allowance or allotment adjudged against him for her subsistence, according to his means and their condition in life during their separation, whether it be for life or for years."

In support of his contention that plaintiff was not entitled to permanent alimony, defendant relies upon the following cases: *Cooley* v. *Cooley,* 320 Mich 209; *Wood* v. *Wood,* 288 Mich 14; *Weinhart* v. *Weinhart,* 229 Mich 434.

In the *Cooley Case, supra,* the divorce decree gave the wife all of the husband's accumulated property,

required that he maintain life insurance for the wife's benefit and required the payment of $25 per week alimony out of earnings of about $50 per week. This Court held that the alimony award was excessive in view of the wife's income from boarders that was greater than the husband's income after such payment, and the alimony was modified to $18 per week.

The *Wood Case, supra,* involved a suit for divorce by a 56-year-old wife with earnings of $2,000 a year and who was energetic, capable, and successful in the real-estate business against a 64-year-old husband whose eyesight and hearing were impaired and who was subject to $12 alimony payments from a previous divorce. The drug store owned by the husband was mortgaged and he had little other income. The trial court awarded the wife property worth $12,000, some of which property she was the owner prior to marriage, disallowed her claim for alimony, and awarded the husband the drug store. On appeal to the Supreme Court we held that the trial court did not abuse its discretion in disallowing the wife alimony.

In the *Weinhart Case, supra,* an award giving the wife the home, $100 monthly alimony, and $50 per month for support of the child, and requiring the husband, earning $300 per month, to pay off the mortgage and certain other debts, was held by this Court to be so unusually large as to require the reduction of the permanent alimony to $50 per month.

Under the facts and circumstances of this case we conclude that the trial court did not abuse its discretion in awarding plaintiff permanent alimony. The plaintiff in this case was forced into court by the defendant's cruelty, and under such circumstances where the record supports the findings of the trial court that it was defendant's misconduct that caused the divorce, plaintiff should not lose her mari-

tal right to support to which she would have been entitled had the marriage continued and which she was compelled to forego because of the defendant's conduct.

Was the property settlement fair and equitable under all the facts and circumstances involved?

The property accumulated by the parties herein during their married life consists of the following:

| | |
|---|---:|
| Home—net worth ................... | $10,000.00 |
| Dow stock ...:...........:......... | 107.13 |
| Wife's bank account ..............:;:...... | 20.00 |
| Children's war bonds .....:.........:;... | 375.00 |
| Life insurance ....:...............:......: | 1,536.60 |
| Husband's car ....:...........:;......... | 1,395.00 |
| Wife's car ...........:.............:...: | 100.00 |
| Household goods and furnishings ...... | 1,000.00 |
| Total | $14,533.73 |

. The property settlement gave to plaintiff the home, subject to a mortgage of $15,000, the furniture, furnishings, and garden tools, and gave to defendant his automobile and the Dow stock.

In making the property settlement the trial judge only considered the home, the Dow stock, and the husband's car. The trial judge took the $10,000 net value of the home, stated that the husband should have 1/2 of it, then charged against the defendant's half the value of his car, the Dow stock and a $1,200 inheritance the wife had 3 years previously received and spent partly on the home and partly on living expenses. This totaled $2,702.13, and if this is subtracted from defendant's half of the house equity, it would leave $2,297.87.

Defendant urges that the property settlement should be modified so that he might receive not less than 1/2 of all the property owned by the parties on the date of the decree, and also urges that the

deed to the home executed by him in compliance with the decree of the court be set aside.

The division of property in a divorce action is not governed by any rigid rules or mathematical formula. Each case depends on the particular facts involved. In *Cartwright* v. *Cartwright,* 341 Mich 68, 76, this Court said:

"We have held that under the law of this State a division of property need not be equal but should rather be fair and equitable under all of the circumstances involved. *Pusylo* v. *Pusylo,* 279 Mich 623. * * * In *Szatynski* v. *Szatynski,* 327 Mich 613, we said that in adjusting property rights in a divorce suit it cannot be overlooked that the breaking up of the family has been caused by the husband's misconduct, and that the duty is upon him to furnish to the extent of his ability a home and other needs for his wife."

The portion of property awarded to each party depends upon all the equitable factors involved, including the following: source of property, contribution towards its acquisition, the years of married life, the needs of the parties, their earning ability and also the cause for divorce. Even the needs of children may affect the property settlement, though technically a separate matter. Thus the court on granting the wife a divorce and committing the children to her custody may decree to her such part of her husband's estate and such alimony as it deems just, regarding the fact that she has the burden of maintaining the children. *Judson* v. *Judson,* 171 Mich 185, 189.

Under the circumstances of this case we find that the trial court did not abuse its discretion in making the property settlement. Plaintiff has the burden of raising and providing a home for the children, and she and the children should not be deprived of

their home because of the acts of cruelty of the defendant.

A decree will be entered in harmony with this opinion. Plaintiff may recover costs.

DETHMERS, C. J., and SMITH, EDWARDS, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.