YOUNG *v.* YOUNG.

1. DIVORCE—EVALUATION OF PROPERTY—DISCRETION OF COURT—EVI-
DENCE.

Trial court's evaluation of property to be divided in suit for
divorce at $1,127,598.60, based upon testimony of husband's
accountant as to value of stock and holdings of an unlisted
family-owned corporation devoted to the distribution of fer-
mented beverages, rather than over $2,000,000 as claimed by
wife, through testimony of expert witness who dealt in stocks
and bonds but who was unfamiliar with the particular cor-
poration, its holdings and its stock *held*, not an abuse of
discretion.

2. SAME—DIVISION OF PROPERTY—DISCRETION OF COURT.

Trial court's division of property in divorce suit, valued by him
at $1,127,598.60, whereby wife received $292,680.11 and their
2 children $259,427.11, *held*, neither unfair nor an abuse of
discretion.

3. SAME—TRANSFER OF CORPORATE STOCKS.

It was not error for trial judge in suit for divorce to award
wife stocks in various corporations other than the family-
owned corporation in which she had held stock in her own
name and take latter from her so as to prevent her continued
and persistent harmful interference with the proper manage-
ment of the company.

4. SAME—ATTORNEY FEES.

Allowance of $7,000 to wife's attorney for fees *held*, not in-
adequate and not an abuse of discretion, notwithstanding the
amount involved was somewhat larger than usual.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  17A Am Jur, Divorce and Separation § 931.
[4]  17 Am Jur, Divorce and Separation § 636.
[4]  Amount of attorney's compensation in actions involving di-
vorce, alimony, or other familial or domestic relations matters.
56 ALR2d 115.
Financial condition of parties as affecting amount of allowance
of suit money in divorce suit.  35 ALR 1099.

Appeal from Wayne; Weideman (Carl M.), J. Submitted June 10, 1958. (Docket No. 54, Calendar No. 47,107.) Decided October 13, 1958. Rehearing denied December 2, 1958.

Bill by William P. Young, Sr., against Hazel M. Young for divorce. Decree granted on cross bill of defendant. Defendant appeals, attacking division of property. Affirmed.

*Walter M. Nelson,* for plaintiff.

*Wurzer, Higgins & Starrs* and *Davidow & Davidow,* for defendant.

VOELKER, J. In 1954 the plaintiff and appellee filed a bill of complaint for divorce from his wife on the grounds of cruelty, alleging that the parties had lived and cohabited as husband and wife from 1934 to 1951 when the conduct of the wife rendered further marital relationship impossible. Defendant wife filed an answer of denial to the bill of complaint along with a cross bill for divorce on the ground of adultery. Her cross bill was uncontested. The primary dispute below involved the value and division of the marital property.

The parties began their romance in 1926, seven years prior to the husband's divorce from his first wife. In 1934 they were married shortly after appellee went through bankruptcy. The first few years of their marriage were financially difficult, but in the early 1940's fortune smiled—the appellee acquired a beer distributing franchise and, thus endowed, things began measurably to improve. In less than 10 years he had acquired a fortune in excess of a million dollars. As their material fortunes improved their marital fortunes deteriorated until a divorce court took over. We are now faced with the

problem of passing on the division of the spoils made below.

While the wife's countersuit for divorce was uncontested, as noted, the litigants managed to take up some 2,000 typewritten pages of testimony in the trial court, largely on the subject of value and division of property. Fortunately the attorneys were somewhat more considerate when they drafted their briefs and appendices; we were obliged to wade through only slightly more than 1,000 printed pages. Boiled down even more drastically, we uncover 3 main issues. Did the chancellor err in setting the value of the assets to be divided at $1,127,598.60? Did he allow the aggrieved wife her proper share? Is $7,000 adequate compensation for her attorneys?

Appellant argues that the value of the family holdings is in excess of $2,000,000. The major cause for the sharp divergence of opinion on the subject of value arises mostly from a dispute over the value of the stocks and holdings of Better Brands Distributing Company, an unlisted family-owned corporation devoted to the distribution of fermented beverages. Appellee supported his claim of value by the testimony of a certified public accountant who had worked with the corporation for several years. Appellant in turn supported her claim of greater value by the testimony of an expert witness who dealt regularly in stocks and bonds, but who was unfamiliar with the Better Brands corporation, its holdings, and its stock.

The chancellor accepted the opinion of the husband's accountant as to value. Appellant objects and urges that his testimony should have been disregarded because of his past close relationship with the corporation and the husband. In other words she argues bias. Perhaps there was bias, but we have only her unsupported assertion. We think bias must be shown by something more. Were we to hold that

past relationship and familiarity with what he undertakes to testify about alone discredits such a witness then we will have put a premium upon ignorance and have judicially enshrined hunch and guess. We find no error or abuse of discretion by the court in accepting the testimony of this witness or in reaching the value that was reached.

Appellant complains that, in any case, the share accorded her was inadequate. (She got $292,680.11; her 2 children got between them some $259,427.11.) There is no mathematical formula in Michigan for the settlement of this vexing problem; rather it is wisely left to the broad discretion of the learned chancellor who has the benefit—and often the dubious pleasure—of having the feuding parties wrangle in his presence. See, generally, *Johnson* v. *Johnson,* 346 Mich 418. With his closer view of the entire situation he is ordinarily in a better position to make an equitable division than we.

In this case the chancellor had before him evidence not only of the husband's adultery but also of the wife's uncertain temperament, her relationship with the husband for 7 years while he was married to another woman (which might possibly suggest that she had some reason to prepare herself for the shock of continued extramarital activities by him), her rancorous infliction of damage upon her husband's health and business, and many other vexatious things too petty and numerous to dwell upon. We do not for a moment suggest that we cannot be moved by the plight of a woman who complains that she and her 2 children got only half a million dollars from the chancellor; we do hold that on the record before us we do not consider the division made unfair or an abuse of a necessarily wide discretion.

A related question is appellant's allegation that the trial judge erred in taking from her stocks in the Better Brands corporation which she had previously

held in her own name. We will not discuss this in detail as the opinion and decree of the chancellor shows clearly that this action (actually it was an exchange, for the court gave her in return, among other things, certain "blue chip" stocks listed on national stock exchanges) was necessary in order to prevent her continued and persistent harmful interference with the proper management of the company. Stated bluntly, there was abundant evidence below that she was out to wreck her husband and his business. Here again the trial judge had a front seat and his opinion on the best course in these trying circumstances will not be upset.

As for appellant's final allegation that an allowance of $7,000 for her attorney fees was not adequate, we have found no evidence in the record that would suggest an abuse of discretion in that regard. Essentially this was a fight over money. That the amount involved was somewhat larger than in the ordinary divorce case did not necessarily measurably increase the work required or enlarge the rather elementary legal principles involved.

This Court finds no prejudicial error or abuse of discretion by the chancellor. Rather we think he reached a fair and equitable result in a vexing case. The decree of the trial court is accordingly affirmed, with costs to the appellee.

SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred with VOELKER, J.

DETHMERS, C. J., and CARR and KELLY, JJ., concurred in the result.