### DAVIS *v.* DAVIS.

1. DIVORCE—SUPPORT PROVISIONS—AMENDMENT—WELFARE OF CHILD.
   The welfare of the child is always of paramount importance in considering modification of the child support provisions of a divorce judgment.

2. SAME—SUPPORT AND MAINTENANCE—NEEDS CONSIDERED.
   The proper care and maintenance of a minor child of parties in a divorce includes tending to the child's emotional and psychological problems as well as to her physical problems.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3–6] 24 Am Jur 2d, Divorce and Separation § 844 *et seq.*
[2] 24 Am Jur 2d, Divorce and Separation § 839.

3. SAME—SUPPORT AND MAINTENANCE—MODIFICATION—EMERGENCY.

A judgment of divorce requiring the father of a minor child to pay a set sum per week for the support and maintenance of the child may be amended if an emergency or change in circumstances arises for which the support provisions of the divorce judgment are inadequate.

4. SAME—SUPPORT PAYMENTS—AMENDMENT—DISCRETION OF COURT.

Amendment of divorce judgment requiring the father to pay all or part of an unanticipated health expense, to continue support and to pay reasonable college expenses after the minor child reaches 18 years of age, but not beyond the child's majority, is within the authorized discretion of a court.

5. SAME—SUPPORT AND MAINTENANCE—AMENDMENT OF JUDGMENT—ALREADY ACCRUED EXPENSES.

The court has power to modify the support and maintenance provisions of a judgment of divorce to require the father to assume the liability for already-incurred medical expenses of a child for which the father is making support payments.

6. SAME—SUPPORT AND MAINTENANCE—AMENDMENT OF JUDGMENT—MEDICAL EXPENSES—COLLEGE EXPENSES.

Order of trial court amending support order in judgment of divorce to require the father to pay a portion of unanticipated and already-incurred expenses for treatment of child by a psychologist, and also providing for reasonable college educational expenses for the child after she became 18 years old until she was 21 years of age *held*, not an abuse of discretion, where the testimony of the family physician was that the daughter was nervous, having difficulty in school, and had problems at home that upset her, debts to a pharmacy for medicines and to a doctor for eyeglasses had been incurred, the child wished to attend a college after graduating from high school with a C average, and the father continued to earn approximately the same amount that he earned at the time of divorce.

Appeal from Oakland; Adams (Clark J.), J. Submitted Division 2 April 5, 1967, at Lansing. (Docket No. 1,409.) Decided November 16, 1967.

Complaint by Betty C. Davis against John S. Davis for divorce. Judgment of divorce granted.

Order modifying support and maintenance provisions of the judgment of divorce granted. Defendant appeals. Affirmed.

*Bellinson & Doctoroff (Ronald D. Feldman,* of counsel), for plaintiff.

*Mitchell L. Bacow,* for defendant.

McGREGOR, J. On April 28, 1964, appellee obtained a judgment of divorce from the appellant. Appellee was awarded custody of the 16-year-old daughter, Diane M. Davis, and $25 per week for her support and maintenance until 18 years of age. There was no specific requirement in the judgment of divorce for payments by appellant of medical, hospital, or dental expenses for the minor child. On July 26, 1965, appellee filed a petition to amend and extend the support and maintenance provisions of the judgment of divorce. Said petition stated that the minor child had required psychiatric treatment since November, 1964, that the child would be 18 years of age on September 6, 1965, had graduated from high school with a "C" average, desired to attend Oakland Community College as a full-time student, commencing in September, 1965, and that the child had incurred unpaid medical bills to a pharmacy and to a doctor for eyeglasses. The petition asked for payment of the already-incurred bills for psychiatric treatments, drugs, and eyeglasses, as well as support and educational expenses for the child after her 18th birthday.

The child had been referred to a clinical psychologist, in November, 1964, by the family physician, to assist her in solving some of her problems which she found difficult to face in her ordinary life. The family physician testified that "she was nervous," "was having difficulty in school," and that there

were "problems at home that upset her." The clinical psychologist, as well as being engaged in private practice, had been the chief psychologist for Oakland county juvenile court, and at the time of the trial was co-ordinator of training research clinical services for Oakland county juvenile court. His services for the daughter extended from November, 1964, to the date of the hearing, on August 27, 1965, and such services were then reaching a conclusion. He saw her at first twice a week, and at the time of the hearing was seeing her once every two weeks. His usual fee was $15 to $25 per session. At the suggestion of the mother, he had sent the bills to the father, which, by the time of the hearing, had reached a total of $1,025.

The trial court ordered the father to continue the $25 per week for support of the daughter beyond her 18th birthday, plus an additional $300 for each of 3 trimesters of the Community College during those periods when the daughter was attending the college as a full-time student, but not beyond her 21st birthday. In addition, the court ordered that the father pay $512.50 over a period of 6 months to the clinical psychologist, the balance of the amount due the psychologist to be paid by the mother; and ordered the father to pay the pharmacy bill of $30.50 and the bill for eyeglasses in the amount of $30.

At the motion hearing, counsel for the father informed the court that the father wanted the daughter to go to school and improve herself; that the father would "voluntarily, to the best of his ability * * * help defray her expenses in college so there is no problem there." The father was a manager of a retail store of the General Motors Factory Branch, earning about $700 net per month— "approximately the same amount he did." (Rec-

ords in the court divorce file show that the father's gross earnings for the prior tax year were $12,000.)

The principal question before this Court is: after a period in excess of one year from the entry of a divorce judgment, may a trial court amend the provisions therein for support and maintenance of a minor so as to require additional payments for all or for part of the services of a clinical psychologist, which services were rendered to said minor after the divorce judgment, when the divorce judgment is silent concerning the requirement of such parent to pay necessary health expenses?

In the instant matter, if one accepts the petition of the appellee, either as a motion for modification of the original support provisions of the divorce judgment or as a prayer for relief for the payment of psychological services rendered to the minor daughter of the parties, the end result is the same. This is true as a result of the maxim that the welfare of the child is always of paramount importance, and that reasonable modification of an original judgment of divorce to protect and advance that welfare is always appropriate. In this day and age, it is becoming a firm belief that concern for a child's mental health is equally as important as the necessities of food, shelter, physical health, and clothing. The proper care and maintenance of the minor daughter of the parties includes tending to her emotional and psychological problems as well as to her physical problems.

Emergencies and changes in circumstances in rearing a child of divorced parents sometimes arise for which the support provisions of a divorce judgment may be inadequate. A judgment of divorce requiring the father of a minor child to pay a set sum per week for the support and maintenance may be amended if a change in circumstances warrants or requires such action.

"Failure to provide in the decree for maintenance of a minor child does not prevent the court from afterwards, on the petition of one of the parents, making the proper provision. * * *

"This means that children must be cared for, and the court, in a decree for divorce or upon the foot of such decree, when moved by either parent to do so, may reform the decree to accord with the welfare of the child within the means and ability of the father. When the decree for divorce omits to provide maintenance for a minor child, the power to so provide is not lost but only in abeyance, and, when the power in such case is invoked, its exercise does not depend upon the change of circumstances following the decree, but upon the circumstances of the parents and the welfare of the child." *West* v. *West* (1928), 241 Mich 679, 686.

An amendment requiring the father to pay all or part of an unanticipated health expense, to continue support and to pay reasonable college expenses after the minor child reaches 18 years of age but not beyond the child's majority, is within the authorized discretion of a court. *Johnson* v. *Johnson* (1956), 346 Mich 418; CLS 1961, § 552.17a (Stat Ann 1957 Rev § 25.97[1]); 1 Moore and Moore, Michigan Marriage, Divorce and Separation (2d ed), § 1651 at p 590.

Issues similar to the question of the already-accrued expenses for health treatment involved in this case have been considered previously in Michigan. The Supreme Court has, on several occasions, upheld lower court orders which required a father to assume the liability for already-incurred medical expenses. See *Metzinger* v. *Metzinger* (1945), 310 Mich 335; *Riley* v. *Riley* (1947), 319 Mich 74. In the last two mentioned Supreme Court cases, it was held that such orders were not an abuse of discretion by the trial judges.

There was no abuse of discretion by the trial judge in this case in amending the support payments to cover a portion of the unanticipated and already-accrued expenses necessary to the health of the daughter. There was also no abuse of the trial court's discretion in providing for reasonable college educational expenses for the daughter until she was 21 years of age.

The order of the lower court is affirmed. Costs to appellee.

QUINN, P. J., and MILLER, J., concurred.