MILBRAND v MILBRAND

Opinion of the Court

1. Infants—Age of Majority Act—Statutes.

The Age of Majority Act does not affect obligations which accrued before January 1, 1972, the effective date of that act (MCLA 722.51 *et seq.;* MSA 25.244[51] *et seq.*).

2. Divorce—Child Support—College Expenses—Age of Majority Act.

A child support order may be modified after the effective date of the Age of Majority Act to require a divorced husband to pay the college expenses of his 19-year-old son until the son reaches the age of 21 years, where the divorce judgment was entered prior to the effective date of the Age of Majority Act and where the support clause of the divorce judgment reserved the right to educational support payments until a child's 21st birthday.

Dissent by D. E. Holbrook, Jr., J.

3. Divorce—Child Support—Modification—Age of Majority Act.

*A trial court, after the effective date of the Age of Majority Act, may order continuation of $25 per week child support payments for a 19-year-old where the 19-year-old had an accrued right to the continuation of the payments prior to the effective date of the act; however, a trial court, after the effective date of the act, is without authority to modify the support provisions of a divorce judgment as they relate to a child who has reached 18 years of age.*

Appeal from Wayne, Theodore R. Bohn, J. Submitted June 10, 1975, at Detroit. (Docket No. 21351.) Decided January 26, 1976.

References for Points in Headnotes

[1] 42 Am Jur 2d, Infants §§ 1, 3–7.

[2, 3] 24 Am Jur 2d, Divorce and Separation §§ 832, 839, 843.

Education as element in allowance for benefit of child in decree of divorce or separation. 133 ALR 920.

Complaint by Phyllis G. Milbrand against Otto I. Milbrand for divorce. Divorce granted, custody of the children awarded to plaintiff, and defendant ordered to pay child support. Plaintiff moved to modify the child support order. Motion granted. Defendant moved to modify the support order. Motion denied. Defendant appeals. Affirmed.

*Gantz & Abrams,* for plaintiff.

*Samuel W. Barr,* for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

V. J. BRENNAN, J. On December 21, 1959, an order was entered dissolving the marital relationship of Phyllis and Otto Milbrand. A provision of the decree ordered defendant to pay $25 per week per child for the support of his four children. That support was

" * * * payable until each said child shall attain the age of 18 years, provided, however, that such payment for the support and maintenance for each of said children shall continue until each child shall attain the age of 21 years in the event that any such child is attending a school continuously beyond his or her 18th birthdate."

On February 2, 1972, plaintiff filed a motion seeking a modification of the child support order with respect to her youngest son, John, which would require defendant to pay for John's expenses as a student at the University of Notre Dame. At the time the motion was brought, John was 19 years old.

The trial judge granted plaintiff's motion and ordered that

"the Judgment of Divorce shall be modified to provide that the defendant pay the tuition, room and board costs, and incidental expenses of John while he attends an institution of higher learning, or until the further order of the court."

The trial judge rejected defendant's argument that the recently enacted Age of Majority Act, MCLA 722.51 *et seq.;* MSA 25.244(51) *et seq.,* relieved him of any financial responsibility for his son after he attained the age of 18, stating:

"This Court is of the opinion that the Age of Majority Act has no effect on the Judgment rendered in this case, since the provision for child support was entered into prior to the effective date of the Act."

On April 25, 1974, defendant filed a motion to modify the support order, alleging that the court was without jurisdiction to order him to pay any sum of money for the support of his adult son John. The trial judge again held that the Age of Majority Act did not affect rights which accrued prior to its effective date, that the support order entered in 1959 requiring defendant to provide support for his children until each child attained age 18 or age 21 if in school, was such a right, and that, therefore, the court did have jurisdiction to modify the support order to require defendant to pay the college expenses of his son.

The sole issue presented for our consideration involves the question of whether a child support order in a divorce case, entered prior to the effective date of the Age of Majority Act, may be modified by the trial judge after the effective date

of the Age of Majority Act so as to require the
husband to pay the college expenses of his son
who, on the effective date of the Age of Majority
Act, had reached the age of 18? We hold that the
order may be modified when the support clause of
the original order reserved the right to so modify.
The recent Supreme Court ruling in *Price v Price,*
395 Mich 6; 232 NW2d 630 (1975), which was
decided after arguments in this case, held that the
Age of Majority Act does not affect obligations
which accrued before January 1, 1972, the effec-
tive date of that act.

Defendant does not contest the fact that a sup-
port order entered before the effective date of the
Age of Majority Act requiring a father to provide
support for a child up to the age of 21 as long as
the child is still in school is valid and enforceable.
See *Barbier v Barbier,* 45 Mich App 402; 206
NW2d 464 (1973). Defendant does argue, however,
that after the child reaches the age of 18 a trial
judge may not amend the support order so as to
increase the amount of support the father is re-
quired to pay. We disagree.

The Age of Majority Act, MCLA 722.51 *et seq.;*
MSA 25.244(51) *et seq.,* contains a savings clause,
MCLA 722.54; MSA 25.244(54) which provides:

"Sec. 4. This act does not impair or affect any act
done, offense committed or right accruing, accrued or
acquired, or a liability, penalty, forfeiture or punish-
ment incurred before this act takes effect, but the same
may be enjoyed, asserted and enforced, as fully and to
the same extent as if this act had not been passed. Such
proceedings may be consummated under and in accord-
ance with the law in force at the time the proceedings
are or were commenced. Proceedings pending at the
effective date of this act and proceedings instituted
thereafter for any act, offense committed, right accru-
ing, accrued or acquired, or liability, penalty, forfeiture

or punishment incurred before the effective date of this act may be continued or instituted under and in accordance with the law in force at the time of the commission of the act, offense committed, right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred."

This clause makes clear that the relative rights and liabilities of the parties here involved are to be determined according to the law as it stood prior to the effective date of this act. This section provides that the Age of Majority Act

" * * * does not impair or affect any * * * right accruing, accrued or acquired, or a liability * * * incurred before this act takes effect, but the same may be enjoyed, asserted and enforced, as fully and to the same extent as if this act had not been passed."

It further provides that proceedings instituted after the effective date of the act for any

"right accruing, accrued or acquired, or liability * * * incurred before the effective date of this act may be continued or instituted under and in accordance with the law in force at the time of the * * * right accruing, accrued or acquired, or liability * * * incurred."

In the case at bar the original child support order was entered by the trial judge in 1959. This was a right which had accrued prior to the effective date of the act—the right to child support. While it is true that the original child support order did not contain any provision requiring the payment of college expenses for the son, it is also true that any such order would have been beyond the trial court's authority to grant, since because of the son's age at the time of the divorce, a proper

showing of circumstances requiring such payment could not have been made. *Johnson v Johnson,* 346 Mich 418, 426; 78 NW2d 216, 220 (1956). However the original support clause did reserve the authority to order education support

" * * * provided, however, that such payment for the support and maintenance for each of said children shall continue until each child shall attain the age of 21 years in the event that any such child is attending a school continuously beyond his or her 18th birthdate."

And as aforementioned this reservation created the obligation on the date of the original support order, which was before the effective date of the act. The savings clause of the Age of Majority Act states that rights which have accrued prior to the effective date of the act are to be "enjoyed, asserted and enforced, as fully and to the same extent as if [the age of majority] act had not been passed."

Under the law in effect prior to the effective date of the Age of Majority Act child support orders were modifiable, and are now, "as the circumstances of the parents, and the benefit of the children, shall require". MCLA 552.17; MSA 25.97. That this provision applies to the instant case is clear, we feel, under the provisions of MCLA 722.54; MSA 25.244(54), the savings clause above quoted. Similarly, prior to the effective date of the Age of Majority Act it was held that a trial judge, under the provisions of MCLA 522.17A; MSA 25.97(1), had the authority to order that reasonable expenses be paid for a child's college education after the child reached the age of 18 but not after he or she reached the age of 21. *Johnson v Johnson, supra, Davis v Davis,* 8 Mich App 104; 153 NW2d 879 (1967). The trial judge, therefore, prop-

erly determined that he had the authority to order such support.

Affirmed. Costs to be assessed against defendant.

Bronson, P. J., concurred.

D. E. Holbrook, Jr. *(dissenting).* In my opinion the Supreme Court decision in *Price v Price,* 395 Mich 6; 232 NW2d 630 (1975), is not supportive of the majority opinion in the instant case. In *Price v Price, supra,* a petition for modification of a support order was pending in the circuit court when the Age of Majority Act became effective. The Supreme Court's decision in that case was based upon that premise. In this case no such petition was pending and in fact none was filed until 31 days following the effective date of the Age of Majority Act, when defendant's son was 19 years of age. The two cases are therefore factually distinguishable.

In dissenting I am not unmindful of Justice Williams' language contained in footnote 5 of *Price v Price, supra,* wherein he stated in part as follows:

"While our disposition in this case rests upon the applicability of the saving provision, we are also inclined to the view that even after the effective date of the Age of Majority Act a court may enter an order or amend an order to provide for the college education of a person for whom a support order had been entered before he or she was 18."

The above, however, appears to be nothing more than dicta since such language was totally unnecessary to the disposition of the case. Hence, in my opinion, this Court is not bound thereby.

While I agree that the savings clause reads in part: "This act does not impair or affect any * * * right accruing, accrued or acquired * * * before

this act takes effect * * * ", I would not interpret
it in the same manner as does the majority. While
I agree there was a continued right to support for
any child, at the rate of $25 per week, so long as
any such child attended an institution of higher
education and learning beyond his or her 18th
birthday up to age 21, I am of the opinion that
this was the only right which accrued or had been
acquired prior to the effective date of the Age of
Majority Act.

I cannot in good conscience believe that the
Legislature intended the above-quoted portion of
the savings clause to give to the trial court carte
blanche authority to rewrite the support provi-
sions of a decree or judgment of divorce. To so
hold, in my opinion, would be to confer rights
upon children of divorced parents superior to those
enjoyed by children whose parents were married
and living together on the effective date of the act.
I do not believe it can be intelligently argued that
an 18 year old, after the effective date of the Age
of Majority Act, would have a cause of action
against his father for a college education. To my
way of thinking, it is simply common sense that
children of divorced parents should not be placed
in such a preferred category; but this is what the
majority does in this case.

I would hold, under the language of the savings
clause, that the trial court was without authority
to modify the original child support provision pro-
viding for extended payments of $25 per week to
the plaintiff for so long as any child continually
attended an institution of higher education and
learning beyond his or her 18th birthday and up to
age 21; for in my opinion this is the only right
which accrued or had been acquired prior to the
act taking effect.

I would reverse.