316 So.2d 308 (1975)
Stephen BLASS, Appellant,
v.
Susan C. BLASS, Appellee.
Nos. 74-1620, 74-1623.
District Court of Appeal of Florida, Third District.
July 22, 1975.
Lapidus & Hollander and Robert J. Schaffer, Miami, for appellant.
Tobias Simon and Elizabeth du Fresne, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
*309 PER CURIAM.
In these consolidated appeals, respondent, ex-husband, and petitioner, ex-wife, seek review of certain provisions of a dissolution of marriage judgment and order awarding attorney's fees.
On June 13, 1974 the chancellor entered a final judgment dissolving the bonds of marriage between the petitioner, Susan Blass, and the respondent, Stephen Blass. Custody of the two minor children was awarded to Stephen until the end of the 1974-1975 school year along with exclusive occupancy of the marital residence for one year. Susan was awarded rehabilitative alimony of $1,500 per month for five years. Stephen was ordered to provide Susan with a major medical insurance policy for a period of five years and to establish her for five years as the irrevocable beneficiary of two life insurance policies. After an evidentiary hearing, the chancellor entered a post decretal order directing Stephen to pay Susan's attorney $8,000 of the $9,500 fee awarded to him. Stephen Blass appeals therefrom and Susan Blass cross-appeals therefrom.
Appellant, Stephen Blass, first claims the chancellor erred in ordering him to establish Susan as the irrevocable beneficiary of his two life insurance policies. We agree.
This provision was tantamount to an award of alimony from and after the death of appellant should he die within the five year period and, therefore, improper and unauthorized. See Wilbur v. Wilbur, Fla.App. 1974, 299 So.2d 99. Thus, we hereby strike this provision from the judgment.
Appellant next argues that the chancellor committed error in directing him to provide Susan for a period of five years with a major medical insurance policy. This point lacks merit.
We find no error in the provision for medical insurance as the chancellor appropriately could have required appellant to pay major medical expenses and the furnishing of an insurance policy to cover the costs could be a less expensive alternative. See Lyons v. Lyons, Fla.App. 1968, 208 So.2d 137.
We now turned our consideration to the cross-appeal of Susan Blass who first contends that the chancellor erred in failing to grant her permanent custody of the minor children.
We conclude that the award of custody of the children to the father, Stephen Blass, until the end of the current 1974-1975 school year, which already has terminated, simply was a grant of temporary custody. The evidence as to which parent should have permanent custody being insufficient, we remand the cause to the trial court with directions to conduct a full evidentiary hearing de novo with respect thereto and based upon the evidence presented, determine which parent should be awarded permanent custody to best serve the interests and welfare of the two minor children. In addition, even though the father was awarded temporary custody, this should not raise a presumption that he is a more fit parent than the mother.
We find it necessary at this juncture to discuss the award of rehabilitative alimony which appellant contends is excessive and which appellee argues is inadequate.
In light of our disposition of the custody issue, we hold that should the chancellor award permanent custody of the children to the mother, Susan Blass, then she would be entitled to permanent alimony as she primarily would be engaged in the full time task of providing a proper home and environment in which to raise her children. See, e.g. Goldstein v. Goldstein, Fla.App. 1975, 310 So.2d 361. On the other hand, should custody be continued permanently in the respondent father, then the rehabilitative alimony award should stand.
Last, we considered the contention of Susan Blass on cross-appeal that the *310 chancellor's order awarding her partial costs and attorney's fees was erroneous.
After a review of the record on appeal, we cannot say the chancellor abused his discretion in this matter. Thus, this point is without merit. See Oncay v. Oncay, Fla.App. 1966, 183 So.2d 878.
For the reasons stated, the judgment appealed is affirmed in part, reversed in part and remanded to the trial court for further proceedings consistent herewith.
It is so ordered.