373 So.2d 442 (1979)
Russell James CYPHERS, Appellant,
v.
Alice Bernece CYPHERS, Appellee.
No. 78-185.
District Court of Appeal of Florida, Second District.
August 1, 1979.
*443 Paul M. Goldman of Spielvogel & Goldman, Merritt Island, for appellant.
Richard P. Condon and Ellen M. Condon, Temple Terrace, for appellee.
DANAHY, Judge.
In this appeal the husband challenges the provisions of a final judgment of dissolution of marriage which (1) awarded the wife $500 per month as "periodic alimony" reviewable at the request of either party after two years; (2) ordered the husband to *444 convey an automobile to the wife and to pay the indebtedness owed on it; (3) required the husband to contribute $27.50 per month toward a major medical insurance policy for the wife; and (4) awarded all of the parties' jointly held personal property at the wife's apartment to her. Except that provision awarding the jointly held personal property, we affirm the judgment as construed and modified.
In his petition for dissolution of marriage, the husband requested that the major items of personal property acquired by the parties during their marriage be divided equitably. In her response the wife denied that such a division should be made; however, she counterpetitioned for dissolution and prayed for temporary and permanent alimony and other equitable relief.
The parties, who are in their late fifties, were married 36 years and have three grown children. He is a retired naval officer and is now employed as a ranger with the State Park Service. His total monthly net income from military retirement and his present job is $1,371. He has been residing in a trailer at the place of his employment, paying $60 per month rent, but at the time of trial was arranging to move into an apartment which he anticipates will cost $220 per month.
Before the husband's retirement the wife's work was essentially at home rearing the children and fulfilling her duties as a naval officer's wife rather than producing an outside income. Because of the dissolution, she will lose those medical and other benefits which accrue to the wife of a retired military man. Several sporadic jobs as a waitress and cashier do not change that picture.
Over the last several years, in conjunction with the husband, the wife has operated a small woman's apparel shop, but that venture has never produced a profit. Presently she is attempting to revitalize that business. It is hoped by both parties that the wife will ultimately be able to produce sufficient income to contribute to her own support. At the present time, however, that is uncertain.
The wife resides at an apartment complex where she obtains free rent by acting as a parttime rental agent on weekends. There is no dispute that she has possession of practically all of the parties' household furniture in addition to a number of antique articles they collected during tours of military duty overseas. At his trailer the husband has only one couch and an inoperable TV set owned jointly by them. During their one year separation she has been in possession of his 1977 automobile (he has a second car), which she uses to get back and forth to her business. He has regularly paid the $109 monthly payment on that car. The parties also jointly own three parcels of real property outside of Florida, which were not involved in this action.
The husband argues that the amount of monthly alimony is excessive. As we view the wife's need in this case, she is not in a position at this time to support herself without assistance. Considering the financial circumstances of the parties from the entire record before us, the award seems generous, but we cannot say that the husband has demonstrated a clear abuse of discretion on the part of the trial judge. In fact, the husband opined that he could pay $500 a month alimony during the first year and a reducing amount over a period of time until the wife becomes self-sufficient. There is competent substantial evidence to support the award and it is, of course, not our function to substitute our judgment for that of the trial court by re-evaluating the evidence before him. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
We construe the term utilized by the trial court, "periodic alimony," to mean an award of permanent alimony rather than an award rehabilitative in nature. Whether either party will seek to modify at some future date is not a sufficient consideration for us to construe the award as rehabilitative alimony. Had the trial judge intended the monthly payments to be rehabilitative alimony, he would have specified a termination date. Strollo v. Strollo, 365 So.2d 189 (Fla. 1st DCA 1978); Zilbert v. Zilbert, 287 So.2d 100 (Fla.3d DCA 1973).
*445 In fashioning an award of alimony, a trial judge is authorized to consider any factor necessary to do equity and justice between the parties. Section 61.08, Florida Statutes (Supp. 1978). The trial judge has the broadest discretion in utilizing the various forms of alimony. Lee v. Lee, 309 So.2d 26 (Fla.2d DCA 1975). We conclude that the trial judge intended in this case to make the award of periodic alimony permanent rather than rehabilitative and we so construe and modify that provision of the judgment.
We view the award of the 1977 automobile as an appropriate award of lump sum alimony under the circumstances of this case. The wife needs the automobile to get back and forth to her business. It was the custom of the parties during their predissolution separation that she have the automobile and that the husband pay the monthly payments on it, which he has the ability to do. The award of the automobile can be justified as, and we believe the trial court considered it to be, lump sum alimony. The use of the automobile by the wife in getting back and forth to her business was apparently viewed by the trial judge as having a direct bearing on her future increased self-sufficiency and a possible future reduction of periodic alimony payments by the husband. That anticipated goal is certainly a valid one. The wife has a special need for the automobile. The husband has the ability to provide it. Cummings v. Cummings, 330 So.2d 134 (Fla. 1976). The ordered payment of the indebtedness on the automobile was also proper. Nicholson v. Nicholson, 372 So.2d 178 (Fla. 2d DCA 1979). Accord, Stoutamire v. Stoutamire, 321 So.2d 599 (Fla. 1st DCA 1975).
We reject the further argument of the husband that, in any event, the trial judge could not award the automobile to the wife as lump sum alimony because her counterclaim did not contain a specific prayer for such relief. We believe the wife's prayer for temporary and permanent alimony was a sufficient pleading, and the proofs in this record were also sufficient, to support the action of the trial judge in choosing the form of alimony he did. Section 61.08, Florida Statutes (Supp. 1978); Caidin v. Caidin, 367 So.2d 248 (Fla.3d DCA 1979); Dobbins v. Dobbins, 359 So.2d 48 (Fla. 1st DCA 1978) (Booth, J., dissenting).
We also affirm the order of the trial judge requiring the husband to pay $27.50 per month toward a major medical insurance policy for the wife. Because of the dissolution she will lose certain medical benefits she enjoyed as the wife of a retired military officer. There was competent substantial evidence to support the award and we cannot say there was an abuse of discretion by the trial judge in this regard. Such an award certainly can be considered as part of her permanent periodic alimony. Lyons v. Lyons, 208 So.2d 137 (Fla.3d DCA 1968); Blass v. Blass, 316 So.2d 308 (Fla.3d DCA 1975); Perkins v. Perkins, 310 So.2d 438 (Fla. 4th DCA 1975).
The husband is correct in his final argument that it was an abuse of discretion for the trial judge to award the wife essentially all of the parties' jointly owned furniture and antiques. Unlike the special need of the wife to have one of the two cars owned by the husband, we cannot justify the award of the jointly owned personal property as lump sum alimony. The wife has made no showing that she has a special need for virtually all of the parties' furniture and valuable antiques. The parties did not agree to such an award nor were there pleadings before the court praying for partition of all jointly held property in accordance with Chapter 64, Florida Statutes (1977). The simple prayer by the husband that the major items of personal property of the parties be divided equitably was not a sufficient prayer for partition. There were neither pleadings nor proof by the wife of a special equity in such jointly held property.
Furthermore, the record reveals that the issue of the disposition of the jointly held articles of personal property was never tried. Under all these circumstances, the trial court was without authority to make this award. Niemann v. Niemann, *446 294 So.2d 415 (Fla. 4th DCA 1974); Butcher v. Butcher, 239 So.2d 855 (Fla.2d DCA 1970); Bergh v. Bergh, 127 So.2d 481 (Fla. 1st DCA 1961). Because our disposition of this point will leave the parties as tenants in common of the jointly held personal property, we deem it advisable to remand so that the trial judge may entertain further pleadings and proof for purposes of partition, absent failure of the parties to reach an agreement. In this regard the trial judge should, of course, include the two items of jointly held personal property in the possession of the husband.
Those provisions of the judgment concerning periodic permanent alimony and the award of the automobile to the wife are affirmed as we have construed and modified them. That provision awarding jointly held personal property of the parties to the wife is reversed. This case is remanded for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
BOARDMAN, Acting C.J., and SCHEB, J., concur.