408 So.2d 693 (1982)
Kathleen May GROBLESKI, Appellant,
v.
James R. GROBLESKI, Appellee.
No. 81-921.
District Court of Appeal of Florida, Second District.
January 8, 1982.
*694 Arthur D. Ginsburg of Ginsburg, Byrd, Jones & Pflaum, P.A., Sarasota, for appellant.
Jerrel E. Towery of Barber & Towery, P.A., Venice, for appellee.
SCHOONOVER, Judge.
This is an appeal from an order denying appellant's motion to require the appellee to pay certain extraordinary dental expenses. We reverse.
The final judgment dissolving the parties' marriage was entered in 1972. The judgment incorporated an agreement entered into between the parties. In addition to child support for their two children, the agreement provided that the husband was to be responsible for all of their extraordinary medical and dental bills.
When the husband refused to make arrangements to have orthodontic treatment provided to the parties' son James, the appellant filed a motion seeking an order compelling him to do so.
At the hearing on the motion, the appellant introduced the deposition of Dr. James R. Paulk, an orthodontist who had examined James. In Dr. Paulk's opinion, James has an orthodontic problem which is not just cosmetic. The doctor testified that any delay in treatment might increase the complexity of his problem.
The appellee contended that the treatment was not necessary but presented no competent medical evidence in opposition to Dr. Paulk's opinion.
The trial court found that the problem was cosmetic and denied the motion.
Under the facts of this case, we are compelled to conclude that the trial court erred in denying the appellant's motion. The only competent medical testimony presented at the hearing revealed that James has an orthodontic problem which if not treated may affect his dental health. Even though the treatment is incidentally cosmetic, it is necessary to correct a dangerous condition and therefore a proper expense. Bertram v. Bertram, 334 So.2d 70 (Fla.3d DCA 1976).
We reverse and remand for proceedings consistent herewith.
OTT, A.C.J., and CAMPBELL, J., concur.