439 So.2d 1389 (1983)
Joseph P. INGLETT, Appellant,
v.
Flora Flo INGLETT, Appellee.
No. AQ-306.
District Court of Appeal of Florida, First District.
November 8, 1983.
*1390 Russell R. Stewart, Panama City, for appellant.
Richard Ogburn, Panama City, for appellee.
ZEHMER, Judge.
Joseph P. Inglett, the husband, appeals from a final judgment of dissolution of marriage. He contends that the court reversibly erred in ordering him to pay permanent alimony to his former wife, Flora Flo Inglett, and in ordering that he provide her with medical insurance coverage equivalent to that afforded under his present group policy. We affirm the permanent alimony award, but reverse, in part, the order concerning medical insurance.
In the final judgment, the trial court made findings that "the wife, for the reasons reflected by the evidence, is entitled to permanent alimony, and husband is well able to provide the wife with the same." There is competent and substantial evidence in the record to support this finding by the trial court, and the husband has failed to show that the court abused its discretion in awarding the permanent alimony adjudged. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
In the final judgment, the trial court also found that:
The Wife has had numerous health problems and is in need of medical and hospital insurance. The Husband currently has such coverage on the Wife through his employer, and, the Husband has agreed during the final hearing to maintain such medical and hospitalization coverage on the Wife. (Emphasis added.)
As a result, the court ordered, in paragraph 6 of the judgment:
For so long as Husband is required to pay alimony as set forth in this agreement [sic], he shall maintain such medical and hospital [sic] on his Wife as is presently available to him through his employer. If Husband changes employment or if the medical and hospital coverage is reduced or cancelled, he shall secure the equivalent coverage on the Wife. (Emphasis added.)
The court's finding, implemented by its order, that the husband agreed to maintain medical and hospitalization coverage on the wife even if his group coverage were changed or cancelled is not supported by the evidence. On the contrary, the husband, when questioned whether he would continue to carry his former wife on the group medical insurance plan maintained through his present employment, answered as follows:
Q. After your divorce, can you carry your wife, your former wife?
A. I have no idea. I have to find out from the insurance company, but I have no intentions of taking her off of it unless, of course, it requires me or the insurance company requires me.
Q. If you can't maintain her on that policy, do you have any objection to taking out an equivalent with that with someone else to cover her?
A. Me? Yes, I will not do it.

Q. So, if she was dropped from the policy, that amount would go down weekly, the amount for your insurance?
A. It would drop down $18 I believe.
(Emphasis added.)
The transcript clearly reflects that the husband only agreed not to drop his former wife from his present medical insurance policy with his present employer. He was uncertain whether the policy could cover her after the dissolution, and he emphatically refused to agree to obtain equivalent coverage from some other source if his present coverage were reduced or cancelled or if the wife were no longer permitted to be covered. The evidence also indicates *1391 that the wife's present employer provides group medical insurance but that the wife had not applied for such insurance. The record did not indicate that the wife would be unable to obtain coverage with her employer.
The effect of the trial court's judgment requiring the husband to "secure the equivalent coverage," being based upon a supposed agreement by the husband to do so, is not supported by the record. Even though the court could, in its discretion, order the husband to pay a reasonable amount for medical insurance premiums as part of the alimony award, Cyphers v. Cyphers, 373 So.2d 442, 445 (Fla. 2d DCA 1979), it was error for the court to require the husband to secure equivalent medical coverage without regard to the cost thereof in the absence of his agreement to that effect. Therefore, the final judgment must be modified to delete the last sentence (emphasized above) in paragraph 6 of the judgment.
The evidence indicates that the husband is now paying $18 per month for the medical insurance. Under the court's continuing jurisdiction, the wife may, should the husband's present group medical coverage on the wife be cancelled or reduced, reapply to the court for additional alimony to cover her medical insurance premiums and the court may grant the application in such amounts as the court determines to be reasonably appropriate and within the financial means of the husband, having due regard for the present cost of such coverage.
The final judgment is AFFIRMED in part, REVERSED in part, and REMANDED with directions to modify the final judgment in accordance with this opinion.
MILLS and SHIVERS, JJ., concur.