PER CURIAM.
The husband/appellant in this dissolution of marriage proceeding appeals from a final order of the trial court awarding the wife/appellee lump sum alimony in the form of money and property, permanent alimony in the amount of $300.00 per month, and reserving jurisdiction to require the husband to maintain a major medical/hospitalization insurance policy for the wife, should such become necessary. We affirm upon the holding that 1). the trial court has the power to fashion, by reciprocal lump sum awards, an equitable distribution of the parties’ property. De Cenzo v. De Cenzo, 433 So.2d 1316 (Fla. 3d DCA 1983); Tronconi v. Tronconi, 425 So.2d 547 (Fla. 4th DCA 1982); Roffe v. Roffe, 404 So.2d 1095 (Fla. 3d DCA 1981), 2). permanent alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties. The award in this case is based upon the needs of one spouse and the ability of the other spouse to provide the necessary funds. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Nichols v. Nichols, 418 So.2d 1198 (Fla. 5th DCA 1982); O’Neal v. O’Neal, 410 So.2d 1369 (Fla. 5th DCA 1982), and 3). no abuse of discretion was shown in the reservation of jurisdiction to consider the wife’s future health care needs. Such an award can be *1043 considered as part of her permanent alimony award. Inglett v. Inglett, 439 So.2d 1389 (Fla. 1st DCA 1983); Cyphers v. Cyphers, 373 So.2d 442 (Fla. 2d DCA 1979); Segal v. Segal, 353 So.2d 894 (Fla. 3d DCA 1977); Blass v. Blass, 316 So.2d 308 (Fla. 3d DCA 1975).
Affirmed.