510 So.2d 908 (1987)
W. Jeane SULMAN, Appellant,
v.
Richard D. SULMAN, Appellee.
No. 4-86-2981.
District Court of Appeal of Florida, Fourth District.
July 15, 1987.
Rehearing Denied August 26, 1987.
Odette Marie Bendeck of Gunster, Yoakley, Criser & Stewart, P.A., West Palm Beach, for appellant.
Law Offices of Ronald Sales, P.A., and Peggy Rowe-Linn of Law Offices of Peggy Rowe-Linn, West Palm Beach, for appellee.
ANSTEAD, Judge.
This is an appeal of an order denying the former wife's motion to hold the former husband in contempt for refusal to pay for psychological counseling for their minor child. We affirm in part and reverse in part.
Jeane Sulman is a single custodial parent of a thirteen year old son. Aware that he was experiencing emotional problems related to his parents' divorce, she sought psychological counseling for him. Since she was unable to afford the continuing cost of her son's psychologist, she requested reimbursement from her former husband, who refused. The final judgment dissolving the parties' marriage ordered the former husband, as an element of child support, to be responsible for all of the child's medical, dental, drug and hospital expenses. A motion to hold her former husband in contempt for his failure to pay the expenses of their minor child's psychologist was denied by the trial court. The court reluctantly found that the term "medical expenses" did not include psychological counseling. We disagree.
Although Florida courts have not been presented with this exact issue, they have held that treatment for such things as obesity and orthodontic problems may be included as an extraordinary medical expense which a former husband may be ordered to pay. See Bertram v. Bertram, 334 So.2d 70 (Fla. 3d DCA 1976), and Grobleski v. Grobleski, 408 So.2d 693 (Fla. 2d DCA 1982). Other jurisdictions have recognized the need to obligate the parent paying child support to be responsible for all health problems of the child, including psychological problems. Kahn v. Kahn, 23 Ariz. App. 269, 532 P.2d 541 (1975), rev. denied, May 13, 1975, citing Davis v. Davis, 8 Mich. App. 104, 153 N.W.2d 879 (1967). In Kahn the court concluded that a former husband's obligation to pay medical or dental expenses should include the services of a psychiatric social worker. In Davis the final judgment of dissolution was silent as to the child's medical, hospital or dental expenses, yet the court ordered the *909 husband responsible for the expenses of a clinical psychologist stating:
In this day and age, it is becoming a firm belief that concern for a child's mental health is equally as important as the necessities of food, shelter, physical health, and clothing. The proper care and maintenance of the minor daughter of the parties include tending to her emotional and psychological problems as well as to her physical problems. 153 N.W.2d at 881.
The Florida legislature has recognized "that as society becomes increasingly complex, emotional survival is equal in importance to physical survival." Psychological Services Act, section 490.002, Florida Statutes (1986). This statute regulates the licensure of professionals practicing psychology, school psychology, clinical social work, marriage and family therapy, and mental health counseling, "to further secure the health, safety and welfare of the public." Sections 490.002, 490.003, and 490.005, Florida Statutes (1986). Recognition by our state legislature and other jurisdictions of the close connection between physical and mental health leads this court to conclude that responsibility for a child's medical expenses should ordinarily include expenses related to psychological care.
Our holding is consistent with the recent opinions of this court, Bernstein v. Bernstein, 498 So.2d 1270 (Fla. 4th DCA 1986), and of our sister court, Essex v. Ayres, 503 So.2d 1365 (Fla. 3d DCA 1987), which recognized the responsibility of the judiciary as a protector of children's interests. In rejecting the "heavier burden" rule imposed upon a party seeking to modify child support based upon agreement of the parties, this court emphasized that children's interests should be protected by the courts, should they be overlooked or adversely affected by the actions of the parties. Bernstein, 498 So.2d at 1272. "Child support is a right which belongs to the child. It is not a requirement imposed by one parent on the other; rather it is a dual obligation imposed on the parents by the State." Armour v. Allen, 377 So.2d 798, 800 (Fla. 1st DCA 1979). Consistent with the courts' continuing obligation to protect minor children, we do not believe the courts should allow a child to be deprived of necessary and reasonable mental health care when his parents have the financial ability to provide such services. Of course, we also believe the father has a right to contest the necessity and reasonableness of the services in issue and his ability to pay for those services.
In accord with the above, we reverse the trial court's order. We do not disapprove of the trial court's decision not to hold the former husband in contempt, since his challenge to the request to pay appears to have been in good faith and his behavior does not appear to constitute willful disobedience of a court order. Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985). We remand to the lower court to conduct a hearing to determine the amount of the psychologist's fees that the husband must pay, based upon the child's need, and the reasonableness of care. The court should also reconsider, at that time, the wife's request for attorney's fees.
WALDEN and GUNTHER, JJ., concur.