530 So.2d 361 (1988)
Chester C. SZEMBORSKI, Jr., Appellant,
v.
Janet J. SZEMBORSKI, Appellee.
No. 87-2111.
District Court of Appeal of Florida, Fifth District.
July 28, 1988.
Rehearing Denied September 8, 1988.
Garrett L. Briggs, of Adams & Briggs, Daytona Beach, for appellant.
William M. Barr, of Raymond, Wilson, Conway, Barr & Hahl, P.A., Ormond Beach, for appellee.
SHARP, Chief Judge.
This dissolution judgment falls within the broad discretion of the trial judge in making an award of marital assets by way of equitable distribution and in awarding permanent alimony in a long-term marriage. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). However, we agree with appellant that the trial court erred in failing to set an amount which the former husband must pay for equivalent medical insurance coverage for the former wife. See Miller v. Miller, 466 So.2d 356 (Fla. 5th DCA 1985); Inglett v. Inglett, 439 So.2d 1389 (Fla. 1st DCA 1983). Paragraph 22 of the final judgment provides:
22. Health Insurance. The husband shall at his expense provide health insurance coverage for the wife equivalent to the existing health insurance coverage provided by Chalbama, Inc. Said health insurance coverage shall be maintained for the wife until the wife remarries or the husband or wife dies, whichever shall first occur. Within thirty (30) days after the date of this judgment, the husband shall provide the wife with such health insurance policy with proof that the premiums have been paid and he shall thereafter provide the wife with all replacement *362 policies and endorsements and proof of premium payments to inform the wife that such insurance is in force.
It is well established that a trial court may order a former husband to pay a reasonable sum for medical insurance premiums for a former wife as part of an alimony award. Inglett, supra. Cyphers v. Cyphers, 373 So.2d 442 (Fla. 2d DCA 1979). However, such an award (absent an agreement by the parties) must be reasonable in amount and must, when added to other alimony awards, meet the criteria of need and ability to pay under current circumstances. Further, we suggest where, as in this case, there is apparently considerable conflict and bad feelings, and both parties are competent and able, it would be less onerous to simply require the obligor spouse to pay a set sum to the other and let the receiving spouse obtain his or her own medical insurance.
Accordingly, we strike paragraph 22 from the judgment; affirm the balance; and remand to the trial court for resolution of the medical insurance issues in light of this opinion.
AFFIRMED as modified; REMANDED.
DANIEL, J., concurs.
COBB, J., concurs in part, and dissents in part with opinion.
COBB, Judge, concurring in part and dissenting in part:
I concur in affirmance of the judgment with the exception of the trial court's requirement that the husband obtain and maintain health insurance coverage for the wife. That requirement is not merely onerous; it is void. There is no authority, absent agreement of the parties, for a court to order one spouse to perform such personal services for the other. As noted in the majority opinion, such cases as Inglett and Cyphers simply affirm orders to pay money.
In the instant case, the wife is perfectly able, both physically and financially, to obtain her own insurance. She was awarded well over one-half million dollars in marital assets and lump-sum alimony, together with $2,000.00 per month permanent alimony. I would simply strike Paragraph 22 and otherwise affirm without remanding to the trial court for further consideration of a non-issue that should not have been considered in the first place.