584 So.2d 596 (1991)
Emran Riaz IMAMI, Appellant,
v.
Saima IMAMI, Appellee.
No. 90-2627.
District Court of Appeal of Florida, First District.
July 30, 1991.
*597 Albert Datz of Datz, Jacobson & Lembcke, Jacksonville, for appellant.
Jack M. Schemer, Jacksonville, for appellee.
NIMMONS, Judge.
Raising several issues, the former husband, a practicing medical doctor, appeals from a final judgment of dissolution and the former wife, a resident alien unemployed and with few, if any, job skills, cross appeals that portion of the final judgment awarding attorney's fees. The former husband argues that the trial court erred (1) in the amount awarded the former wife in alimony and child support; (2) in requiring the former husband to pay all health care expenses of the minor child of the parties not covered by insurance for a period of 18 months; (3) determining that certain jewelry was the sole property of the former wife rather than a marital asset, and (4) in abusing its discretion in fashioning an equitable distribution scheme. We affirm the final judgment in all respects.
Regarding the issues raised by the former husband, we have carefully examined the record and the trial court's rather detailed final judgment and find that the evidence adduced below amply supports the judgment and that only one issue raised by Dr. Imami merits comment.
He urges that it was error for the trial court to require him to pay the minor child's health care expenses not covered by insurance for the period of time when the former wife was receiving rehabilitative alimony.[1] The specific provision in the final judgment he finds objectionable reads, in pertinent part, as follows:
5. The Husband shall maintain health insurance for the benefit of the parties' minor child, Asim, and be responsible for all health care expenses [of the minor child] not covered by insurance for as long as the Wife is receiving rehabilitative alimony. When the Wife's rehabilitative alimony terminates, the parties shall equally share the cost of health care expenses not covered by insurance.[2]
Citing to Inglett v. Inglett, 439 So.2d 1389 (Fla. 1st DCA 1983), Perez v. Perez, 539 So.2d 1178 (Fla. 1st DCA 1989) and Szemborski v. Szemborski, 530 So.2d 361 (Fla. 5th DCA 1988), Dr. Imami argues that such open-ended orders are not "sustainable" on appeal, maintaining that the final judgment sets no limit on the extent of his obligation *598 to pay uninsured medical expenses for his son during the time frame delineated by the trial court. He expresses the fear that an uninsured medical expense may occur "which obligates him to pay an inordinate amount".
We find appellant's reliance on Inglett, Perez and Szemborski to be misplaced. These cases are factually distinguishable in that each involved, as part of an alimony requirement, that the former husband pay for medical insurance coverage for the former wife. Here, as part of a child support scheme, Dr. Imami was required to pay uninsured medical expenses for his son for a fixed period of time after which such expenses would be shared by him and his former wife.
We do not understand that appellant is complaining about paying incidental, insubstantial uninsured medical expenses for the benefit of his son. His understandable concern is that he will be called to account for inordinate amounts of money during the 18 months when he alone must bear the expenses in question. However, such might be the case irrespective of any final judgment of divorce in that child support is a right which belongs to the child. "It is not a requirement imposed by one parent on the other; rather it is a dual obligation imposed on the parents by the state." Armour v. Allen, 377 So.2d 798, 800 (Fla. 1st DCA 1979).
We do not interpret the subject requirement to bestow carte blanche authority on Mrs. Imami, as the custodial parent of the child, to cause to be incurred whatever uninsured medical expenses she pleases. Indeed, the very next paragraph of the final judgment appealed from provides that the parents shall share parental responsibility in matters related to the health and well being of their son. Read together, we believe that Dr. Imami has a right to be consulted in non-emergency situations by Mrs. Imami prior to the incurring of substantial uninsured medical expenses for the child and further that appellant has a right to contest the necessity and reasonableness of the medical services in issue and his ability to pay for these services prior to their being incurred. See Sulman v. Sulman, 510 So.2d 908 (Fla. 4th DCA 1987). Finally, as to this issue, implicit in the final judgment is the trial court's finding that Dr. Imami is far better positioned to pay these expenses during the period of time Mrs. Imami is attempting to rehabilitate herself and that she should not have to dip into her child support or alimony award to pay such expenses. This we find to be eminently reasonable on the record before us.
Turning to the cross appeal, we first observe that the parties, through their respective counsel, purported to orally stipulate on the record immediately prior to commencement of the hearing the following:
1. That the amount of time (sixty-three (63) hours) expended by Wife's attorney was reasonable.
2. That the hourly rate of $125 per hour was reasonable.
3. That the Wife was entitled to an award of fees but questioned the amount and method of payment.
However, at the conclusion of the hearing, when asked by the trial judge what hours were stipulated to in calculating a reasonable attorney's fee, the former wife's attorney responded that 50 hours was reasonable. In the final judgment the court, in awarding the former wife's attorney a fee of $5,000.00, stated: "a reasonable number of hours devoted to the representation of the wife is 40 hours at a rate of $125 per hour for a total fee of $5,000.00... .". The court required the former husband to pay that amount. The former wife's cross appeal urges that the trial court erred in using the 50 hr. figure represented to the court by her attorney as reasonable at final hearing rather than the 63 hr. figure included in the affidavit. Otherwise stated, she argues that even though the parties' stipulated to a fee of $7,875.00 (63 hrs. X $125 per hr.), the trial court awarded her attorney only $5,000.00; that she is responsible to her attorney for payment of the difference which she is unable to pay; and that her former husband should be required *599 to pay the difference based upon the stipulated affidavit.
We find that the "stipulation" regarding hours reasonably expended and a reasonable hourly rate to be ambiguous on its face. Indeed, we question whether it is a stipulation at all. How, for example, can it be stipulated that a given number of hours is reasonable and a given hourly rate is reasonable and in the next breath "stipulate" that the product of the mathematical computation involving those two factors is questioned?
Reading the "stipulation" in its entirety, and taking into account the former wife's attorney's representation to the trial court, we can only conclude that the parties intended that the trial court determine a reasonable attorney's fee to be awarded to the former wife. The record supports the trial court's attorney fee award and the same is herewith affirmed.
AFFIRMED.
BARFIELD and WOLF, JJ., concur.
NOTES
[1] The former wife was awarded $5,375.00 and a 1986 Dodge Omni automobile as lump sum alimony and $500.00 per month as rehabilitative alimony for a period of 18 months.
[2] The former husband does not appeal the requirement that he maintain health insurance for the benefit of the child.