610 So.2d 655 (1992)
Irwin Barry GINSBURG, Appellant/Cross-Appellee,
v.
Sheila Weinstein GINSBURG, Appellee/Cross-Appellant.
No. 91-02970.
District Court of Appeal of Florida, First District.
December 16, 1992.
William J. Dorsey of Law Offices of William J. Dorsey, Jacksonville, for appellant/cross-appellee.
David M. Robbins of Epstein & Robbins, Jacksonville, for appellee/cross-appellant.
BOOTH, Judge.
This cause is before us on appeal and cross appeal from a dissolution of marriage and equitable distribution of marital assets. Appellant contends, inter alia, that the trial court erred in: (1) awarding $1,000 per month in permanent periodic alimony; (2) exposing him to unlimited liability for health insurance coverage; and (3) awarding $8,400 in lump-sum rehabilitative alimony. Appellee/cross-appellant contends, on cross appeal, that the trial court erred in: (1) failing to distribute appellant's retirement benefits; and (2) failing to require appellant to pay attorney fees.
*656 The final order and amended final order awarded the wife $1,000 in permanent periodic alimony and $8,400 in lump-sum rehabilitative alimony; directed the husband to maintain a life insurance policy in the amount of $100,000 to secure the alimony provision (premiums not to exceed $100 per month); directed the husband to maintain health insurance under his Cobra policy for one year and Florida Comprehensive Health Insurance thereafter; awarded the wife $42,502 as her interest from the sale of the marital residence; awarded the husband $25,702 as his interest in the house; awarded the wife a $20,000 certificate of deposit; directed the husband to be responsible for the joint credit card debts; and directed that each party be responsible for his or her own attorney fees.

I. PERMANENT PERIODIC ALIMONY
The wife's amended financial affidavit reveals that she has a proven monthly need of $1,562.[1] There was considerable evidence that the wife is disabled and has a genuine need for financial support. The parties had been married for 26 years and had a comfortable life-style.[2] The evidence is, however that the husband does not have the present ability to pay what the court ordered.
The husband has a net monthly income of $2,834[3] and net monthly expenses of $2,400. After paying his expenses, which include $513 in court-ordered payments for marital debts, the husband is left with approximately $434 per month. From this amount, the husband is required to pay $1,000 monthly in permanent periodic alimony, $100 monthly for life insurance premiums, and some unknown value for health insurance premiums. The law is clear that the husband cannot be required to maintain the wife's previous standard of living when the amount required exceeds the husband's financial capacity. Pirino v. Pirino, 549 So.2d 219, 220 (Fla. 5th DCA 1989). Therefore, the order must be remanded for an award of periodic alimony which takes into consideration the husband's ability to pay.

II. REHABILITATIVE ALIMONY
The trial court ordered the husband to pay $8,400 from the proceeds of the sale of the marital home as rehabilitative alimony. The court also found that the wife will never be able to earn an income sufficient to meet her needs. In Mundy v. Mundy, 498 So.2d 538 (Fla. 1st DCA 1986), this court held:
[R]ehabilitative alimony is appropriate only in those instances where the evidence indicates the recipient spouse has the potential or capacity to be rehabilitated "to a financial stature that would permit her to become self-supporting." [citations omitted]
In the instant case, there is no evidence that the wife has any prospect of rehabilitation. On the contrary, the evidence is that she has not held a job for at least ten years, that she cannot drive a car, and that she is legally blind and cannot read braille because of her condition of neuropathy. On these facts, it was error to award rehabilitative alimony, and that award is reversed. See Whitley v. Whitley, 535 So.2d 623 (Fla. 1st DCA 1988).

III. HEALTH INSURANCE
Even though the court could order the husband to pay a reasonable amount of medical insurance premiums as part of the alimony award, it is error for the court to require that the husband secure medical coverage without setting an amount or limitation *657 on that obligation. See Inglett v. Inglett, 439 So.2d 1389 (Fla. 1st DCA 1983); Szemborski v. Szemborski, 530 So.2d 361 (Fla. 5th DCA 1988); Young v. Young, 600 So.2d 1140 (Fla. 5th DCA 1992). The award of health insurance benefits must be reversed.

IV. RETIREMENT BENEFITS
The value of the retirement account is not apparent from the record, but it appears that the husband will receive approximately $414 per month when he retires. The value of the retirement account should have been considered a marital asset and distributed in the final order. See Glover v. Glover, 601 So.2d 231 (Fla. 1st DCA 1992) (all vested and nonvested benefits accrued during the marriage in pension and other retirement accounts are marital assets subject to equitable distribution); and Moon v. Moon, 594 So.2d 819 (Fla. 1st DCA 1992).

V. ATTORNEY FEES
Attorney fees should be awarded based on need and ability to pay. Portuondo v. Portuondo, 570 So.2d 1338 (Fla. 3d DCA 1990), review denied, 581 So.2d 166 (Fla. 1991). Due to our resolution of the periodic alimony issue, the award of fees should be revisited on remand.
Accordingly, we reverse the provisions of the equitable distribution and alimony plans and remand for proceedings consistent herewith. The trial court may take additional testimony as may be needed for resolution of these issues.
BARFIELD and MINER, JJ., concur.
NOTES
[1] The financial affidavit indicates the following:

Net monthly income $ 120
Less net monthly expenses - 1,682
 _______
Total monthly loss (1,562)

[2] In previous years, the husband's earnings were considerably higher, and the wife's parents contributed to her support. There is no contention that the husband's present reduced financial circumstances are not genuine.
[3] The husband's net monthly income is calculated as follows:

Net pay year-to-date $22,527
Plus draw received in advance 5,000
 ________
 27,527
Less wages earned prior to 1-1-91 2,016
 ________
 25,511
Divided by number of months 9
 ________
Net monthly income $ 2,834