EVANDER, J.
 

 Larry Randall Gordon (“the husband”) and Deborah Denise Robertson Gordon (“the wife”) each appeal from the final judgment dissolving their marriage. We
 
 *826
 
 affirm, without discussion, as to the issues raised by the wife on cross-appeal. However, we agree with the husband that the trial court made several errors in determining his support obligations.
 

 The parties were married for twenty years. At the time of trial, their children were ages sixteen and ten. The record reflects that the parties had enjoyed a comfortable standard of living. Their marital home was worth approximately $600,000 and they also owned a condominium valued at $325,000. The parties’ children attended private school and enjoyed numerous extracurricular activities.
 

 The husband earned over $200,000 per year from his employment and also received a military retirement benefit of approximately $55,000 per year. He had served in the military for twenty-four years, but had been married to the wife for only a little more than nine of those years. As a result, notwithstanding the husband’s military service, the wife was not eligible to receive TRICARE health insurance benefits.
 

 The husband’s military service had required him to travel extensively and the parties had agreed that the wife should “stay at home” and take care of the children. (In addition to the parties’ two children, the wife had also cared for the husband’s two children from a prior relationship.) The wife suffered from significant health ailments and her last employment outside the home was in 1995. As a result, the trial court declined to impute income to the wife.
 

 Pursuant to a stipulation, the parties were awarded shared parental responsibility, with the wife being designated the primary residential custodial parent. The final judgment also provided that the children would continue in their private school unless the wife relocated or the parties agreed otherwise. The trial court determined that the wife was entitled to receive 19.07% of the husband’s military retirement pay and equitably distributed the parties’ other assets and liabilities.
 

 The husband’s support obligations were significant. The trial court ordered the husband to pay permanent periodic alimony in the amount of $7,500 per month and to maintain health insurance for the wife “comparable to that coverage presently in existence.” After consideration of the $7,500 per month alimony award and the allocation of a portion of the husband’s military retirement benefit to the wife, the trial court determined the wife’s monthly net income to be $7,067 and the husband’s monthly net income to be $11,273 (or 61.47% of the parties’ total net income). The trial court ordered the husband to pay $1,712 per month child support and to maintain health insurance for the children. Additionally, the husband was required to pay 61.47% of the children’s (1) uncovered medical expenses; (2) private school tuition, registration fees, books, uniforms and extra fees associated with private school; and (3) expenses for extracurricular activities. In order to secure the alimony and child support obligations, the husband was directed to maintain life insurance in the amount of $1,000,000 with the wife being designated as the sole irrevocable beneficiary.
 

 In his first issue on appeal, the husband argues that the trial court abused its discretion by requiring him to provide health insurance for the wife without setting any limitation as to the amount he would have to pay to comply with this requirement. We agree. The record reflects that the husband’s existing insurance does not provide coverage for the wife after their divorce. No evidence was presented as to the availability or cost of alternative coverage. Although the trial
 
 *827
 
 court could order the husband to pay a reasonable amount toward the wife’s medical insurance premiums as part of a support award, it was error to require the husband to secure medical coverage without setting an amount or limitation on that obligation.
 
 See Guralnick v. Guralnick,
 
 645 So.2d 1097 (Fla. 4th DCA 1994);
 
 Ginsburg v. Ginsburg,
 
 610 So.2d 655, 656-57 (Fla. 1st DCA 1992);
 
 Szemborski v. Szemborski,
 
 530 So.2d 361 (Fla. 5th DCA 1988);
 
 Inglett v. Inglett,
 
 439 So.2d 1389 (Fla. 1st DCA 1983).
 

 We would also observe that if, on remand, the trial court requires the husband to make a contribution to the wife’s health insurance costs, it must take the amount of that contribution into account when determining the parties’ respective net incomes. In the instant case, the trial court’s determination of the parties’ net incomes was the starting point in calculating the husband’s child support obligation and the percentage of the children’s uncovered medical expenses, private school tuition and related expenses, and extracurricular activities that he would be required to pay. In determining what amount, if any, the husband shall contribute toward the wife’s health insurance, the trial court must also consider the criteria of need and ability to pay.
 
 Szemborski,
 
 530 So.2d at 362.
 

 We also find error in the trial court’s decision to require the husband to maintain $1,000,000 in life insurance to secure his alimony and child support awards. There was insufficient evidence to support a finding that insurance in excess of the $600,000 life insurance currently maintained by the husband was available or reasonably affordable. While the court may require, in appropriate circumstances, that child support and alimony awards be secured by life insurance on the obligor, there must be evidence in the record and findings by the court as to the cost of the insurance being required in order to establish that the obligor can obtain and afford such insurance coverage.
 
 Alpha v. Alpha,
 
 885 So.2d 1023, 1033 (Fla. 5th DCA 2004). Furthermore, as acknowledged by both parties, the trial court erred in failing to allocate the amount of life insurance designated to secure the alimony award vis-a-vis the amount designated to secure the child support award.
 
 See McGinley v. McGinley,
 
 678 So.2d 922 (Fla. 1st DCA 1996). Additionally, the life insurance securing the child support award shall be designated as being for the benefit of the children.
 
 Layeni v. Layeni,
 
 843 So.2d 295, 300 (Fla. 5th DCA 2003).
 

 The husband also appeals the trial court’s decision to require him to contribute to the children’s private school tuition and related expenses. We find no error. Private educational expenses may be awarded as part of child support when the parents have the ability to pay and such expenses are in accordance with the family’s customary standard of living and are in the child’s best interests.
 
 Kaiser v. Harrison,
 
 985 So.2d 1226, 1231 (Fla. 5th DCA 2008). Here, the trial court made the necessary findings and its findings were supported by competent evidence.
 

 Lastly, the husband contends that the trial court abused its discretion in ordering him to contribute to the costs of all the children’s extracurricular activities in accordance with his pro rata share (61.47%) of the parties’ total net income. We construe the provision to apply only to those extracurricular activities that are agreed to by the parties pursuant to shared parental responsibility. Otherwise, each parent would have the ability to impose on the other an unlimited financial obligation to contribute to the costs of a child’s extracurricular activity, even where
 
 *828
 
 the other parent did not agree to the child’s participation in such activity.
 

 On remand, the trial court is directed to determine the husband’s support obligations in accordance with this opinion.
 

 AFFIRMED, in part; REVERSED, in part; REMANDED.
 

 PALMER and COHEN, JJ., concur.