CASANUEVA, Judge.
Rebecca A. Henderson (the Former Wife) appeals an order on her motion for civil contempt in which the trial court denied her request for contribution from Stephen G. Lyons (the Former Husband) for psychological counseling for their minor children. Because psychological counseling expenses are medical expenses that may require contribution dependent upon the facts and circumstances of each case, we reverse and remand for reconsideration of this issue. We affirm on all other issues raised without comment.
The Former Wife and Former Husband were divorced in 2006. There are two minor children from the marriage. In 2010, the Former Wife filed a motion for civil contempt, claiming that the Former Husband had failed to pay his half of psychological counseling and optical exams for the children. After holding a hearing *1110 (at which the Former Husband did not appear) the trial court denied the motion for contempt. It found that “[n]o provision is made in the Final Judgment for counseling expenses,” and so it denied the Former Wife’s request for contribution towards those expenses. With regard to the optical exams, the court determined that the Former Husband’s conduct did not rise to the level of contempt “provided he makes [a] payment [of his half, $160.50,] within 10 days of this order.”
On appeal, the Former Wife argues that the trial court erred in holding that she could not obtain contribution towards psychological counseling expenses. Insofar as the trial court ruled that a contribution was not obtainable because the court had not expressly discussed them in the final judgment, we agree that the trial court erred.
A parent’s responsibility for a child’s medical expenses includes those expenses incurred for reasonable psychological care. See Engar v. Raizin, 525 So.2d 470 (Fla. 4th DCA 1988); Sulman v. Sulman, 510 So.2d 908 (Fla. 4th DCA 1987). And in this case, the final judgment does not limit that general principle. The pertinent part of the final judgment is as follows:
[Aside from the children’s medical and dental insurance premiums and deductibles, for which the Husband is solely responsible,] Husband and Wife shall share equally all other reasonable medical and dental expenses incurred on behalf of either of the two children. For purposes of this Judgment, the term “medical and dental expenses” includes pharmaceutical expenses, non-emergency dental care, orthodontic treatment, eye examinations, and eyeglasses.
The final judgment used inclusive language to provide examples of what constitutes “medical and dental expenses.” However, the language did not suggest that the list was exhaustive. Further, the marginal examples included demonstrate that the list was not meant to exclude all other possible medical expenses. Lastly, had the trial court meant the list to be exhaustive, it would have been in derogation of the law established in Sulman.
Although we reverse the trial court’s ruling that counseling expenses are prohibited by the final judgment, we recognize that “the father has a right to contest the necessity and reasonableness of the services in issue and his ability to pay for those services.” Sulman, 510 So.2d at 909. On remand, the trial court shall reconsider the psychological counseling expenses and provide the Former Husband the opportunity to contest the reasonableness and the necessity of those expenses, if he so chooses.
Affirmed in part, reversed in part, and remanded with instructions.
ALTENBERND and VILLANTI, JJ„ Concur.