RAY, J.
The Florida Department of Revenue raises two issues in this appeal of a Final Administrative Support Order determining the child support obligation of Appellee James Reyes-Otero (the father). In the first issue, the Department argues that the administrative law judge (ALJ) erred by concluding that he lacked' authority to enter a support order exceeding the amounts set forth in the Department’s Proposed Final Administrative Support Order based on new information developed at an evi-dentiary hearing that would substantially increase the father’s child support obligation under the statutory child support guidelines. In the second issue, the Department argues that the Final Administrative Support Order is not supported by competent, substantial evidence. We resolve both issues by concluding that the ALJ was required to establish the father’s child support obligation based on the evidence presented at the hearing. By limiting the father’s child support obligation to the amounts contained in the proposed order, notwithstanding the evidence presented, the Final Administrative Support Order is contrary to Florida law and not supported by competent, substantial evidence. Accordingly, we vacate the order and remand for further proceedings consistent with this opinion.
I.
On behalf of Francis C. Reyes (the mother), the Department served the father with a Notice of Proceeding to Establish Administrative Support Order, which explained that the Department had initiated a proceeding to establish an administrative support order that may require him to pay child support and other expenses for his child with the mother. Included with the notice were a blank Financial Affidavit and a blank Parent Information Form. Both parents returned the required > Financial Affidavits and Parent Information Forms to the Department. Although the father included information about his income, he did not fully complete the financial affidavit. In addition to the information gathered from • the Financial Affidavits and Parent Information Forms, the Department • obtained wage information from a state database regarding the parents’ incomes. Using the information available to it, the Department completed- the child support guidelines worksheets for the relevant time periods and a Proposed Final Administrative Support Order, which determined that the father’s current child support guideline obligation was $482.40 per month and that he owed $9,156.87 in retroactive child support as of the date he was served with initial notice of the proceeding.
The Proposed Final Administrative Support Order was served on the father. It included a “Respondent’s Notice of Rights,” which provided that he could request a hearing before the Division' of Administrative Hearings (DOAH) if he disagreed with the proposed order. The father timely requested an administrative hearing. The Department acknowledged the request, and DOAH issued a Notice of Hearing. In pertinent part, the Notice of Hearing advised the parties that the final order issued after the hearing “may change the amount of child support, both current and retroactive, that was in the proposed order.” The notice further advised that the amounts would “depend on the evidence at the hearing.”
Both parents appeared at the hearing and provided testimony regarding their current employment, income, and health care or insurance costs. The father’s testimony revealed that the income amounts *1272 reported in the state-wage information for part of the period utilized in the Proposed Final Administrative Support Order were based on the income he had been receiving while in training at his job. His income had substantially increased after he completed training, ■ •;
Based on the evidence and testimony presented and the statutory' child support guidelines, the ALJ determined that the father’s child support obligation should be nearly double the amount , contained in the Proposed Administrative Support Order. The higher amount was ,a result of the new information regarding the father’s income. The ALJ also acknowledged that the father’s share of the uncovered medical expenses for the child would, have risen from sixty-seven percent to seventy-one percent accordingly.
Notwithstanding the evidence presented at the hearing, the ALJ concluded that he was limited in the amount that he could order as a support obligation by the amounts listed in the Proposed Final Administrative Support Order. The Department objected, pointing out that the current income of the parties, established during the hearing, created a different support obligation amount under the support guidelines. The ALJ overruled the objection, reiterating his opinion that the father’s support obligation was “capped” by the amount designated in the proposed order, namely $482,, and that the father’s percentage of responsibility for uncovered medical expenses for the child would be based on the percentage included in the proposed order.
The ALJ entered a Final Administrative Support Order consistent with his oral findings. This timely appeal followed.
II.
Section 409.2563, Florida Statutes (2015), governs the administrative establishment of child support obligations in cases where the child is receiving public assistance or one parent has sought the Department’s help in establishing support. To commence á proceeding under this statute, the Department must serve a Notice of Proceeding to Establish Administrative Support Order and blank financial affidavit on the parent from whom support is being sought. § 409.2563(4), Fla. Stat. (2015). Among other things, the notice must state that “the [Department intends to establish an administrative support order as defined " in [section 409.2563].” § 409.2563(4)(b).
The Department is then required to “calculate [a], parent’s child support obligation under the child support guidelines schedule as provided by s[ection] 61.30, based on any timely financial affidavits received and other information available to the department.” § 409.2563(5)(a). The parent’s earning capacity is presumed to equal the federal minimum wage for the period of support whbn there is not “sufficient reliable information concerning [that] parent’s actual earnings for a current or past period.” Id. The Department must send copies of the proposed final administrative support order to the parents along with a completed child support worksheet, any financial affidavits that were completed, and a notice of rights outlining, among other things, the method and time frame the parent has to request an administrative hearing. § 409.2563(5)(b), (c).
If, after serving the proposed administrative support order but before a final administrative support order is rendered, the Department receives additional information that makes it necessary to amend the proposed administrative support order, it must do so and send the parents copies of the amended proposed order along with a completed child support worksheet, any financial affidavits that were completed, and the same notice of rights previously provided. § 409.2563(5) (d).
*1273 If the parent from whom support is being sought files a timely request for hearing or the Department determines that an evidentiary hearing is appropriate, the Department must refer the proceeding to DOAH. § 409.2563(6). In that context, the ALJ is required to “consider all available and admissible information and any presumptions that apply as provided by paragraph (5)(a).” Id. The ALJ’s determination on support constitutes final agency action by the Department. § 409.2563(7)(a).
Ill;
In the instant' case, after the ALJ conducted a de novo hearing to determine the father’s child support obligation (including current child support, share of uncovered medical expenses, monthly retroactive child support, and total net retroactive child support), he limited the Final Administrative Support Order , to the amounts of these components set forth in the Proposed Final Administrative Support Order, despite evidence presented at the hearing that would have significantly increased the father’s child support obligation beyond the amounts listed in the proposed order. The ALJ .reasoned that he lacked authority to order the amounts established by the evidence in the absence of a pleading raising the global issue of child support. The ALJ stated, “[A]n obligor requesting a hearing on a proposed [administrative support order] does not receive adequate notice that his requesting a hearing may leave him' worse off than he is in the proposed [administrative support order] — not because he does not read the documents that the [Department] sends him or is ignorant of the law, but because no pleading requests the determination of the true value of his child support obligations.” Whether a lower tribunal has authority is a question of law, which we review de novo. Dep’t of Revenue v. Vanamburg, 174 So.3d 640, 642 (Fla. 1st DCA 2015).
The ALJ cited a number of cases in support of his conclusions, all of which stand for the proposition that a court’s authority can extend no further than the issues framed by the’ pleadings. See, e.g., Newberry v. Newberry, 831 So.2d 749, 751 (Fla. 5th DCA 2002) (reversing a trial court’s order increasing a father’s child support obligation where the pleading only sought to modify primary residential custody of the children and decrease the amount of the support obligation); Alvarez v. Singh, 888 So.2d 159, 160-61 (Fla. 5th DCA 2004) (reversing a trial court’s order modifying child support that increased a father’s arrearage payments when the only pleading was a petition for modification seeking a reduction in child support). -
The case before us is distinguishable from those, relied on by the ALJ because the operable “pleading,” which frames the issue and ■ defines the parameters of the. ALJ’s authority, is -the Department’s Notice of Proceeding to Establish Administrative Support Order. This document clearly put the father on notice that the Department was seeking the establishment of child support; -stated differently, it put the global issue of his child support obligation on the table.
Section' 409.2563(6) directs that when the parent from whom support is being sought files a timely request for hearing, the Department must refer the proceeding to DOAH. The ALJ then assumes responsibility for issuing- the final administrative support order in the Department’s stead. § 409.2563(6). The statute does not specify that the ALJ may order child support only in the amount stated in the proposed order, or in some-lesser amount. To the. contrary, in its de novo hearing to determine the parent’s child support obligation, the ALJ is required to “consider all available and admissible information and any *1274 presumptions that apply as provided by paragraph (5)(a)” in rendering a final administrative support order. Id. (emphasis added). The ALJ’s findings of fact must be based on a preponderance of the evidence from the evidence of-record and matters officially recognized, § 120.57(1)(j). Consistent with this mandate, the ALJ’s Notice of Hearing advised the parties that the final order issued after the hearing “may change the amount of child support, both current and retroactive, that was in the proposed order,” and the amounts would “depend on the evidence at the hearing.”
Section 409.2563(7)(e) requires that a final administrative support order, whether issued by the Department or DOAH, comply with sections 61.13(1) and 61.30, Florida Statutes, and be issued in accordance with the child support guidelines schedule in section 61.30. The child support guideline amount presumptively establishes the amount of support that should be awarded whether the proceeding arises under chapter 61 or section 409.2563. § 61.30(1)(a). Accordingly, the ALJ had the authority, as well as the affirmative obligation, to consider “all available and admissible information” to determine the true value of the components that factor into the father’s child support obligation, and he was not limited by the amounts set forth in the proposed order. See § 409.2563(6).
The ALJ’s refusal to order the support obligation amount based on the evidence available resulted in a child support determination that is lower than what the law requires, thus depriving the child of the appropriate amount of support. This result is inconsistent with the Legislature’s expression of the public policy of the State that “children shall be maintained from the resources of their parents, thereby relieving, at least in part, the burden presently-borne by the general citizenry through public assistance programs.” § 409.2551. This Court has stated that “the best interest of the ehild[ ] is the guiding principle in any proceeding to determine child support.” Cross v. Cross, 490 So.2d 958, 960 (Fla. 1st DCA 1986). Further, this. Court has explained that child support is a right that belongs to the child. Imami v. Imami, 584 So.2d 596, 598 (Fla. 1st DCA 1991). “It is not a requirement imposed by one parent on the other; rather it is a dual obligation imposed on the parents by the state.” Id. (quoting Armour v. Allen, 377 So.2d 798, 800 (Fla. 1st DCA 1979)).
IV.
While we understand and appreciate the ALJ’s concerns that obligors receive adequate notice regarding the potential course of events they set in motion by requesting an evidentiary hearing on the Department’s proposed child support determination, we believe that the father in this case was sufficiently informed that the nature of the proceeding was to establish his child support obligation based on the evidence presented at the hearing. The ALJ was required to consider all available and admissible information when calculating the presumptive amounts prescribed by the statutory child support guidelines and to consider the child’s best interest. It is in the child’s best interest that the proper amount of support be ordered. The ALJ erred when he refused to enter a final administrative support order based on all of the information available to him, including the new information about the parties’ incomes developed at- the administrative hearing. Accordingly, we vacate the order and remand for further proceedings consistent with this opinion.
ORDER VACATED; REMANDED.
WETHERELL and ROWE, JJ., concur.