IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CRYSTAL LANCASTER,

     Appellant,

v.

ERIK S. LANCASTER,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D17-0912

Opinion filed November 6, 2017.

An appeal from the Circuit Court for Suwannee County.
David Fina, Judge.

Lindsey Lander, Trenton, for Appellant.

Robert A. Sandow, Lake City, for Appellee.

PER CURIAM.

We have for review the final judgment dissolving the marriage between
Crystal Lancaster ("the wife") and Erik Lancaster ("the husband"). Among other
issues, the wife challenges the provision relating to child support, arguing the trial
court erred in deviating from the child support guidelines and denying her child
support to the detriment of the children. The father defends the final judgment on

the basis that it incorporated the negotiated settlement agreement between the parties, which provided that neither parent would be responsible for paying child support to the other parent.

A trial court has an independent duty to determine the appropriateness of child support provisions in a marital settlement agreement before incorporating them into a final judgment of dissolution. *See Cross v. Cross*, 490 So. 2d 958, 960 (Fla. 1st DCA 1986); *Wendel v. Wendel*, 852 So. 2d 277, 285 (Fla. 2d DCA 2003). This duty exists because child support is a right that belongs to the child. *See Dep't of Revenue v. Reyes*, 181 So. 3d 1270, 1274 (Fla. 1st DCA 2015) (citing *Imami v. Imami*, 584 So. 2d 596, 598 (Fla. 1st DCA 1991)). "It is not a requirement imposed by one parent on the other; rather it is a dual obligation imposed on the parents by the state." *Id.* (citations omitted). Accordingly, parents may not contract away or waive the rights of their child for support. *Armour v. Allen*, 377 So. 2d 798, 799-800 (Fla. 1st DCA1979); *Serio v. Serio*, 830 So. 2d 278, 280 (Fla. 2d DCA 2002).

The statutory guidelines set forth in section 61.30, Florida Statutes, are the starting point for the child support determination. *See Morrow v. Frommer*, 913 So. 2d 1195, 1197 (Fla. 4th DCA 2005). The trial court is permitted to deviate plus or minus five percent from the presumptive guideline amount after considering all relevant factors and can deviate more than five percent upon a written finding explaining why ordering payment of the guideline amount would be unjust or

inappropriate. § 61.30(1)(a), Fla. Stat. (2016). In cases where the parenting plan provides that each child spend a "substantial amount of time" with each parent, the methodology of section 61.30(11)(b) is used to calculate child support.

In the instant case, the final judgment incorporated the parties' agreement that neither is required to pay child support to the other. Although the court concluded that this arrangement is in the "children's best interests," neither the agreement nor the final judgment addressed the needs of the children, the overall financial circumstances of the parties, or any other factor in section 61.30. In the absence of information concerning the manner in which the child support determination was made, we are unable to meaningfully review whether the trial court discharged its independent obligation to assess whether the parties' agreement serves the best interests of the children.

Accordingly, we reverse the provision of the final judgment relating to child support and remand for further proceedings consistent with this opinion. In all other respects, the final judgment is affirmed.

LEWIS, RAY, and JAY, JJ., CONCUR.