FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-0771
_____

SEAN WEBKING, Father,

Appellant,

v.

EMILY WEBKING, Mother,

Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
J. Scott Duncan, Judge.

December 31, 2025

PER CURIAM.

Sean Webking ("Father") challenges the trial court's Final Judgment on Paternity, Time-sharing, and Child Support on multiple grounds. We reverse the final judgment as to the trial court's awards of child support and retroactive child support due to its failure to make the required finding that the Father has the ability to pay the ordered support. *See Edwards v. Sanders*, 622 So. 2d 587, 588 (Fla. 1st DCA 1993) ("Because the trial court failed to find that appellant has a present ability to pay the child support awarded, the trial court's order must be reversed."); *Tinoco v. Lugo*, 342 So. 3d 845, 850–51 (Fla. 2d DCA 2022) ("Absent any findings about the parties' net incomes or their respective ability to pay, the order must be reversed and remanded for further proceedings.").

Additionally, the Father argues, as he did below, that the trial court erred in requiring him to pay 60% of the costs of the child's extracurricular activities because that provision could subject him to the expense of any extracurricular activity in which Emily Webking ("Mother") may unilaterally involve the child, without regard to his ability to pay for such activity. We agree and construe the provision as applying only to those extracurricular activities that the parties agree upon pursuant to shared parental responsibility. *See Gordon v. Gordon*, 63 So. 3d 824, 827 (Fla. 5th DCA 2011) (construing a provision ordering the father to cover 61.47% of the costs of the children's extracurricular activities as applying only to those activities that the parties agree upon). In all other respects, we affirm the final judgment.

The Father also seeks review of the trial court's post-judgment Order on Motion for Contempt and Income Withholding Order for Support pursuant to Florida Rule of Appellate Procedure 9.600(c)(3). We grant the Father's motion for review and reverse the order finding him in willful contempt for failing to pay child support pursuant to the final judgment because the contempt order fails to recite the facts upon which the court's finding of the Father's present ability to pay child support is based. *See* Fla. Fam. L. R. P. 12.615(d)(1) (requiring an order finding the alleged contemnor to be in contempt to contain a finding that he/she had the present ability to pay support and to contain a recital of the facts on which the finding is based); *Browne v. Blanton-Browne*, 199 So. 3d 565, 568 (Fla. 1st DCA 2016) ("If the order grants the motion, it must contain findings that the contemnor had the present ability to pay support and willfully failed to do so, and it must contain a recital of the facts on which the findings are based."); *Vazquez v. Vazquez*, 827 So. 2d 384, 385 (Fla. 4th DCA 2002) (construing rule 12.615(d)(1) "to require the trial court to identify the sources from which appellant could have obtained the funds to comply with a prior order").

Therefore, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent with this opinion.

LEWIS, M.K. THOMAS, and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Sean Webking, pro se, Appellant.

Jerry L. Rumph, Jr., of Brooks Law, Tallahassee, for Appellee.